[No. 4,268.]

# FOSCALINA *v.* DOYLE.

48    151
108   127

DISMISSAL OF APPEAL.—A motion to dismiss an appeal because it is frivolous, and intended to delay the execution of the judgment, made intermediate the taking of the appeal and the filing of the transcript, will not be entertained.

IDEM.—On the hearing of such motion the Court will not look into the transcript, if produced in support of the motion, for the purpose of ascertaining the merits of the appeal.

APPEAL from the District Court of the Third Judicial District, Alameda County.

The facts are stated in the opinion.

*Crane,* for the motion.

By the Court, WALLACE, C. J.:

The appeal is taken by the defendant from an order refusing to stay the issuance of a writ of *habere facias* upon the judgment recovered by the plaintiff in the District Court for the County of Alameda, and lately affirmed here. The appeal was perfected only on the 21st of March last, and the time allowed to the appellant to file the printed transcript of the record, under the second rule of practice, has not elapsed.   The respondent produces a copy of the record, and thereupon moves that the appeal be dismissed,

because it is frivolous and taken with intent to delay the execution of the judgment. We cannot, however, look into the copy of the record produced by the respondent for the purpose of determining in advance what, if any, merit the appeal may have. The rule of the Court already referred to is intended to operate uniformly upon all appeals taken to this Court, and a motion of this character, made intermediate the taking of the appeal and the filing of the transcript, will not be entertained. But even if we could look into the record to determine the merits of the appeal, and should ascertain that it had been taken merely for purposes of vexation and delay, still we ought not to dismiss the appeal, if well taken in point of procedure. The remedy would be found only in an affirmance of the order, and the imposition of damages in a proper case.

To depart from these rules would produce great confusion in practice, and consequent delay in the orderly disposition of causes. Besides, it is difficult to see how the respondent here can be prejudiced by postponing the consideration of the merits of this appeal until such time as it shall come regularly before us for determination. The appeal is from an order refusing to stay the writ, to which the plaintiff is otherwise entitled upon the judgment he obtained. The order of the Court below from which this appeal is taken was, therefore, of a negative character.

It is clear enough that an appeal from such an order, in whatever form such appeal be taken, could not *per se* affect the right of the plaintiff to final process upon the judgment he has obtained.

The motion to dismiss the appeal must be denied, and it is so ordered.