[No 20945.  In Bank. — August 11, 1892.]

## THE PEOPLE, Respondent, v. JOHN McNULTY, Appellant.

APPEAL — DISMISSAL — FRIVOLOUSNESS. — An appeal will not be dismissed upon motion therefor, upon the ground that it is frivolous.  To dismiss an appeal is to refuse to consider its merits, and therefore there can be no dismissal of an appeal on the ground that it is without merit.

ID. — APPEAL IN CRIMINAL CASE — GROUNDS OF DISMISSAL. — Under section 1248 of the Penal Code, the supreme court is forbidden to dismiss an appeal in a criminal case, unless the appeal itself is irregular in some substantial particular, to be determined by reference to the order or judgment appealed from, and the steps taken to perfect the appeal.

ID. — APPEALABLE ORDER — CRIMINAL LAW — HOMICIDE — ORDER FIXING TIME AND PLACE FOR EXECUTION. — An order made after the affirmance of a capital conviction, fixing the time and place of execution, is an appealable order, and an appeal therefrom cannot be considered upon its merits upon a motion to dismiss, or be dismissed upon the ground that it is frivolous.

ID. — STAY OF EXECUTION — CERTIFICATE OF PROBABLE CAUSE. — An appeal from such order does not ipso facto stay the execution of the sentence; but in order to effect such a stay, a certificate of probable cause for the appeal must be obtained from either a judge of the trial court or of the appellate court.

MOTION to dismiss an appeal from an order made after the affirmance of a capital conviction fixing the time and place of execution.  The facts are stated in the opinion of the court.

*Carroll Cook*, and *J. E. Foulds*, for Appellant.

Attorney-General *W. H. H. Hart*, for Respondent.

BEATTY, C. J. — The defendant in this case was convicted of murder in the first degree, and sentenced to suffer death.  He appealed from the judgment of conviction, which was finally affirmed by this court in February last.  Upon the going down of the *remittitur*, the superior court made an order fixing the twelfth day of August, 1892, as the time, and the county jail of San Francisco as the place, of execution of the judgment.  From this order the defendant, on the eighth day of August, served and filed his notice of appeal.  The people now move to dismiss the appeal, upon the ground that it is frivolous.

This is not an appeal from the judgment of conviction, but only an appeal from the order last above mentioned, made and entered on June 17, 1892, and the fact that said order is designated in the notice of appeal as a judgment does not make it an appeal from the judgment of conviction which was made and entered more than three years before this last appeal was taken. An appeal from the judgment in a criminal case must be taken within one year after its rendition. (Pen. Code, sec. 1239.)

This, then, is an appeal taken under subdivision 3 of section 1237 of the Penal Code, which allows the defendant in a criminal action to appeal "from any order made after judgment affecting the substantial rights of the party."

In *People* v. *Sprague*, 54 Cal. 92, and in two subsequent cases decided by this court, it has been held that an order made after affirmance of a capital conviction fixing the time and place of execution is one of the orders included by said subdivision. There can be no doubt of the correctness of this view, and it therefore follows that this defendant had a right to take and to prosecute this appeal.

Can it be dismissed upon the ground that it is frivolous?

To dismiss an appeal is to refuse to consider its merits, and therefore there can be no dismissal of an appeal on the ground that it is without merit; for to reach this conclusion the merits must be considered, and the record must be examined.

The motion, therefore, is in terms self-contradictory, and must be viewed in its real character as a motion for a summary hearing of the appeal and affirmance of the order of the superior court. This conclusion seems to be inevitable upon the grounds stated, but if it were not, the statutory provision makes it so.

By section 1248 of the Penal Code it is expressly provided as follows: "If the appeal is irregular in any substantial particular, but not otherwise, the appellate court

may on any day, on motion of the respondent, upon five days' notice, accompanied with copies of the papers upon which the motion is founded, order it to be dismissed." By this provision the supreme court is forbidden to dismiss an appeal in a criminal case unless the appeal itself is irregular in some substantial particular, and this is to be determined by reference to the order or judgment appealed from, and the steps taken to perfect the appeal. Looking to this order, notice of appeal, etc., we find an appealable order and notice of appeal therefrom substantially and formally sufficient, regularly served and filed, and in due time. The appeal, therefore, cannot be dismissed without a plain violation of the express inhibition of the statute.

Nor can we consider and determine the appeal upon its merits upon this motion and in this summary manner. The record is not before us, and the cause is not brought to a hearing in accordance with the rules of practice of the court, nor pursuant to any order modifying or dispensing with such rules.

The *argumentum ab inconvenienti,* so strongly insisted upon by the attorney-general as a reason for putting a different construction upon the above-quoted provision of the Penal Code relative to the dismissal of appeals in criminal cases, is without any force, for the simple reason that the inconvenience suggested cannot possibly arise. He says that unless such an appeal as this can be summarily dismissed upon the ground that it is frivolous, it will be in the power of every person condemned to death to delay the execution of the sentence again and again, as often as he chooses, by the simple expedient of taking an appeal from each successive order appointing the time and place of execution so short a time before the date of execution as to preclude the hearing of the appeal before the day has passed.

This argument assumes that the taking of the appeal *ipso facto* stays the execution of the sentence. But the assumption is contrary to the express provision of the statute. Section 1243 of the Penal Code is as follows:

" An appeal to the supreme court from a judgment of conviction stays the execution of the judgment in all capital cases, and in all other cases upon filing with the clerk of the court in which the conviction was had a certificate of the judge of such court, or of a justice of the supreme court, that in his opinion there is probable cause for the appeal, but not otherwise."

It is clear from a reading of this section that it is only the appeal from the judgment of conviction, which, as we have seen, must be taken within one year after its rendition, that stays the execution *proprio vigore.*    In case of any other appeal, such, for instance, as this appeal from an order after judgment, the mere appeal has no effect in staying execution, unless the judge of the superior court or a justice of this court will grant a certificate of probable cause for the appeal.    This, of course, involves an examination of the original record or a copy by the judge to whom the application is made, and is the regular and only method prescribed by the statute for a determination whether the appeal is frivolous.    In pursuing this method, the *onus* rests upon the appellant to convince the judge of the superior court or one of the justices of this court that there is some merit in his appeal.    If he cannot, — if his appeal is clearly frivolous, — no certificate will be granted, and there will be no stay. This being so, there is no occasion in such case for the people to assume the laboring oar, and on motion to dismiss the appeal, show that it is frivolous.

Motion denied.

DE HAVEN, J., HARRISON, J., SHARPSTEIN, J., and GAROUTTE, J., concurred.

McFARLAND, J., dissenting. — I dissent.    I think that the papers submitted show upon their face that they constitute a mere confessed attempt to take a second appeal from the judgment, and should be so considered. The appeal should, in my opinion, be dismissed.