[Crim. No. 1796.  Second Appellate District, Division One.—July 22, 1929.]

THE PEOPLE, Respondent, v. MARK GODFREY et al., Defendants; RUSSELL SMITH, Appellant.

Ernest Spagnoli and Walter F. Lynch for Appellant.

U. S. Webb, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

HOUSER, J.—More than three years after the date of the affirmance by this court of a judgment of conviction against him, defendant made a motion in the trial court to vacate said original judgment. The motion was denied. Thereupon defendant appealed to this court from the order denying such motion. The instant proceeding is a motion made in this court by respondent to dismiss said appeal on the ground that the motion to vacate the judgment was made by defendant in the trial court "too late," and, therefore, that the order denying such motion was not appealable. By section 1237 of the Penal Code, among other

things, it is provided that an appeal may be taken by a defendant "from any order made after judgment affecting the substantial rights of the party." In several cases within this state the rule there enunciated has been followed. (See *Ward* v. *Dunne*, 136 Cal. 19 [68 Pac. 105]; *People* v. *Perez*, 9 Cal. App. 265 [98 Pac. 870]; *People* v. *O'Brien*, 4 Cal. App. 723 [89 Pac. 438]; *People* v. *McNulty*, 95 Cal. 594 [30 Pac. 963].) As it is manifest that the order in question was made after final judgment, and that it affected substantial rights of defendant, the right to appeal from the order in question seems firmly established.

█ Whether the motion to vacate the judgment was made within the time permitted by law in such cases was one of the questions which was to be determined by the trial court. If made "too late," it is manifest that other grounds, although furnishing possibly sufficient legal reasons for a denial of the motion, were at least unnecessary as a basis for the ruling. But, assuming that the only reason for a denial of the motion was that it was made "too late," the right of defendant to appeal from the ruling was just as completely assured to him by the statute and the decisions of the Supreme Court as though such denial had been based upon any other reason. The appeal from the order of the trial court presented for review to this court each and every reason which might afford a sufficient legal foundation for the action of the trial court in the premises. In other words, the legal merits of the controversy, including the question of whether it should be dismissed because of the tardincsss of defendant in instituting it, were placed before this court for its determination. To solve the problem presented by the motion to dismiss the appeal on the ground that the motion in the trial court was made "too late" would require at the hands of this court at least a duplication of the work and investigation of the facts and the law which would become necessary to reach a decision on the appeal.

In the case of *People* v. *McNulty*, 95 Cal. 594 [30 Pac. 963, 964], in ruling upon a motion to dismiss an appeal taken from an order made after final judgment in the action, among other things, the court said: "To dismiss an appeal is to refuse to consider its merits, and therefore there can be no dismissal of an appeal on the ground that it is with-

out merit; for to reach this conclusion the merits must be considered, and the record must be examined.''

It follows that the instant motion to dismiss the appeal should be denied. It is so ordered.

Conrey, P. J., and Hollzer, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1929.

All the Justices concurred.