[Crim. No. 32.   Fifth Dist.   Mar. 20, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. TONY ROSALEZ, JR., Defendant and Appellant.

644

Tony Rosalez, Jr., in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Barry L. Bunshoft, Deputy Attorney General, for Plaintiff and Respondent.

CONLEY, P. J.—The defendant, Tony Rosalez, Jr., entered a plea of guilty to a charge in the information of violation of section 288 of the Penal Code, lewd and lascivious conduct. Pursuant to the requirements of the Penal Code, sexual psychopathy proceedings were held; the court found that the defendant was not a sexual psychopath, and the criminal action was revived. Thereafter, the trial judge denied probation and sentenced the defendant to imprisonment in the California State Prison for the term prescribed by law and until legally discharged.

The defendant filed a notice of appeal in due course, and the record consists of a clerk's and reporter's transcript. He is not represented by counsel on the appeal, and he has not as yet filed his opening brief.

The Attorney General moved to dismiss the appeal on the grounds that the appeal is ". . . frivolous, sham, and without any merits or appellate objective." Because of his incarceration, the defendant was not present when the motion to dismiss was argued, but he filed written opposition entitled "Motion to Dismiss Notice of Dismissal of Appeal."

The motion of the Attorney General is primarily based upon the well-established rule that there cannot be an effective appeal on the merits from a judgment based upon a plea of guilty. In *Stephens* v. *Toomey,* 51 Cal.2d 864, 870 [338 P.2d 182], the Supreme Court says: "The judgment entered on the plea of guilty is not appealable on the merits.

The rule is correctly stated with supporting authority in 24 Corpus Juris Secundum at pages 683 and 684: '. . . where judgment has been entered on a plea of guilty, irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed.' " (See also *People* v. *Emigh*, 174 Cal.App. 2d 392 [344 P.2d 851]; *People* v. *Brown*, 198 Cal.App.2d 232 [17 Cal.Rptr. 789]; *People* v. *Cole*, 198 Cal.App.2d 561 [17 Cal.Rptr. 686]; *People* v. *Williams*, 177 Cal.App.2d 581 [2 Cal.Rptr. 387].)

The People further contend that there is nothing in the record which shows lack of jurisdiction or illegality of the proceedings. The Attorney General wishes the court to take a short-cut in deciding this case by examining the record at this time and finding that there is no ground for appeal. We are asked to do this in the absence of any brief of the defendant and without permitting him to be personally present in court to resist the motion. ▮ The appellate courts of this state, particularly in civil cases, have frequently held that if it is necessary in ruling on a motion to dismiss an appeal to examine the record, the court will refuse to do so and will deny the motion. (3 Witkin, California Procedure, Appeal, § 160, p. 2347.) An exception to this general rule is sometimes made when a relatively rapid and easy inspection of the record is called for. (3 Witkin, California Procedure, Appeal, § 160, p. 2348.)

▮ Chief Justice Wallace said in the opinion in *Ex parte Hoge*, 48 Cal. 3, 6:

"The right to appeal . . . is guaranteed by the Constitution to the prisoner, and is as sacred as the right of trial by jury. It is one of the means the law has provided to determine the question of his guilt or innocence."

Section 1248 of the Penal Code provides: "If the appeal is irregular in any substantial particular, but not otherwise, the appellate court may order it to be dismissed."

▮ It would seem anomalous for us to examine the record at this time and to reach a decision which might cut off the actual efficacy of the right to appeal without permitting the defendant to be heard. It is conceivable that he may urge irregularities "going to the jurisdiction or legality of the proceedings."

This court would doubtless have the power to act in the way the Attorney General suggests (*People* v. *Shorts*, 32 Cal. 2d 502, 516 [197 P.2d 330]; *People* v. *Mattson*, 51 Cal.2d 777, fn. 8 [336 P.2d 937]), but we believe that we should exercise

judicial restraint in order that the defendant may have a chance to be heard through an opportunity to file a brief in the case. Accordingly, the motion to dismiss is denied, without prejudice.

Brown, J., and Stone, J., concurred.