[Crim. No. 4310. First Dist., Div. Three. June 21, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LAWRENCE E. WALLACE, Defendant and Appellant.

Francis B. Perry, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Plaintiff and Respondent.

DRAPER, P. J.—Charged with possession of morphine and codeine, defendant pleaded guilty, was sentenced to prison, and, acting in propria persona, filed notice of appeal. We appointed counsel for him. The Attorney General moved to dismiss the appeal on the ground it is frivolous.

An appeal from judgment entered upon a guilty plea does not raise issues on the merits, but calls for consideration only of errors going to the jurisdiction or the legality of the proceedings (*Stephens* v. *Toomey,* 51 Cal.2d 864, 870 [338 P.2d 182]; *People* v. *Mitchell,* 185 Cal.App.2d 507, 508 [8 Cal.Rptr. 319]; *People* v. *Mullane,* 182 Cal.App.2d 765, 768 [6 Cal.Rptr. 341]).

Counsel concedes, and our study confirms, that the record reveals no error. It affirmatively shows that defendant was accorded all rights, was represented by counsel of his own choosing, and personally entered the plea. Nevertheless, to enable the raising of any possible question as to accuracy and scope of the record, we granted counsel's request for a month's continuance to permit him further communication with his client. At oral argument, counsel advised us that his client does not contest either the accuracy or the effect of the record. The sole contention advanced by him concerns prior convictions charged and admitted. Four priors were charged, two were admitted, one in 1945 and one in 1958, and the other two charges were dismissed from

the present information. Defendant does not question the convictions. He seems to contend that in each of the priors he was tried and sentenced on two counts, in asserted violation of the rule against double punishment (Pen. Code, § 654). But we are not here concerned with his sentences of 1945 and 1958. They can be reached only in another proceeding. The priors here charged and admitted were for but one count each. To this limited extent, they do serve to extend his minimum sentence on the present conviction (Health & Saf. Code, § 11500). But no impropriety is arguable.

We have searched the record and queried counsel to find whether there is any issue, arguable in any degree, which could be presented if the appeal were fully heard. We find none.

Aware of the broadening scope of federal supervision of state court determinations (e.g. *Mapp* v. *Ohio,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081]; *Douglas* v. *California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]), we have looked to the federal rule. It allows dismissal of a wholly frivolous criminal appeal (*United States* v. *Johnson,* 327 U.S. 106 [66 S.Ct. 464, 90 L.Ed. 562]). We are satisfied that the only issue suggested is one that must necessarily be regarded as frivolous (*Ellis* v. *United States,* 356 U.S. 674 [78 S.Ct. 974, 2 L.Ed.2d 1060]).

Accordingly, we dismissed the appeal by order from the bench June 19.

Salsman, J., and Devine, J., concurred.