[Crim. No. 12707.   Second Dist., Div. Five.   May 23, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. TOMMY BUD SUMNER, Defendant and Appellant.

410

No appearance for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

KAUS, P. J.—On November 12, 1965, the District Attorney of Los Angeles County charged defendant with kidnapping and three violations of section 288a of the Penal Code. With respect to each of the latter charges it was also alleged that the act was done "by force, violence, duress, menace and threats of great bodily harm." Two prior felonies—escape and burglary—were also charged. After pleading not guilty and denying the priors, defendant eventually pleaded guilty to one of the 288a counts. The priors and the allegation with respect to force, etc., were stricken. On February 16, 1966, he was sentenced to state prison and the remaining counts were dismissed. On July 27, 1966, he filed a petition for a writ of error *coram nobis* which was denied the same day. Notice of appeal was filed on August 2, 1966. At defendant's request we appointed Bertram H. Ross, Esq., to represent him on the appeal. Mr. Ross thereafter filed an application to be permitted to withdraw. In the application counsel reviews the procedural facts of the case, states his conclusion that the petition below does not state facts which would entitle defendant to relief by way of writ of error *coram nobis* and asks to be relieved. A copy of the application was served on defendant. After careful review of the record we found the appeal to be wholly frivolous and relieved counsel. Defendant was then given an opportunity to file a brief, being allowed over 30 days within which to do so. No brief by defendant was received. Defendant was then notified that unless he filed a brief within an additional 30 days, his appeal would be dismissed. Again no brief was received.

Appointed counsel and this court have thus followed the procedure outlined in *Anders* v. *California,* 386 U.S. 738, 744 [18 L.Ed.2d 493, 498, 87 S.Ct. 1396]. Our examination of the record indicates that the appeal is frivolous. Therefore, we need not appoint new counsel (*Anders* v. *California, supra*)— indeed we have not received any request to do so. We are thus at the point where *Anders* permits us to dismiss the appeal "insofar as federal requirements are concerned. . . ." The

permission thus extended by the Supreme Court of the United States contains, however, the following proviso: ''. . . or proceed to a decision on the merits, if state law so requires.''

The problem is whether California law does so require. The point was not decided in the leading California case in this area. (*People* v. *Feggans,* 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21].)

Section 1248 of the Penal Code provides as follows: ''If the appeal is irregular in any substantial particular, but not otherwise, the appellate court may order it to be dismissed.'' On its face this section appears a formidable hurdle to the assertion of a power to dismiss a criminal appeal as frivolous. Indeed *People* v. *McNulty,* 95 Cal. 594 [30 P. 963], held that an appeal from an appealable order made after final judgment could not be dismissed on that ground.

Although *McNulty* used pretty plain language, the fact of the matter is that our appellate courts have dismissed appeals on the ground of frivolity. The impetus was the Supreme Court's decision in *People* v. *Shorts,* 32 Cal.2d 502 [197 P.2d 330]. *Shorts,* like *McNulty,* was a death penalty case[1] and the appeal was from the denial of a motion to vacate the judgment made after it had become final. In dismissing the appeal the court took note of section 1248, but said: ''We deem it incontrovertible that in a death penalty case such as this wherein, on an appeal from an order denying the writ *coram nobis,* there is an utter lack of showing of merit and diligence sufficient to warrant a stay of execution, the appeal itself may properly be held to have been taken solely for delay, *therefore to be irregular as having no proper appellate objective and, hence, to be sham and frivolous and subject to dismissal.* In such circumstances not only will the stay be denied but the appeal will be dismissed. (See *People* v. *Smith* (1933) 218 Cal. 484, 487, 489 [24 P.2d 166]; Pen. Code, § 1248 ['If the appeal is irregular in any substantial particular, but not otherwise, the appellate court may order it to be dismissed.'].)'' (*Ibid.,* p. 516. Italics ours.)

In the next paragraph of the *Shorts* opinion the court takes issue with *McNulty's* reliance on section 1248, holding that: ''[W]here it appears without any serious contention to the contrary that an appeal from an order after final judgment in

---

[1]The court in *McNulty* also held that the taking of the appeal from the denial of a post-judgment motion did not automatically stay execution of the judgment.

412

a death penalty case is taken solely for purposes of delay, the appeal must be held to be irregular in a most fundamental sense. . . ." (*Ibid.*, p. 517.) The court also held that section 681a[2] of the Penal Code, enacted after *McNulty*, weakened that decision.[3]

The italicized portion of the first passage quoted from *Shorts* may be interpreted in different ways. Read narrowly, it simply means that where the objective of an appeal is not really review, but delay, section 1248 does not apply. If that is all *Shorts* stands for, its impact would be limited to cases where the death penalty has been imposed or where the execution of another type of judgment has somehow been stayed. It is impossible to tell from any holding of the Supreme Court whether it intended *Shorts* to have such a limited application, since the only other cases in which the *Shorts* rule was applied (*People* v. *Rittger*, 55 Cal.2d 849, 855-856 [13 Cal. Rptr. 406, 362 P.2d 38]; *Williams* v. *Duffy*, 32 Cal.2d 578, 583 [197 P.2d 341]) were death penalty cases.[4]

---

[2]Former section 681a is now part of section 1050 of the Penal Code. At the time of *Shorts* the section read as follows: "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be heard and determined at the earliest possible time. It shall be the duty of all courts and judicial officers and of all district attorneys to expedite the hearing and determination of all such cases and proceedings to the greatest degree that is consistent with the ends of justice."

[3]We may not be far wrong if we read between the lines of *Shorts* a very tactful hint to the Legislature that it cannot legislate away the inherent power of an appellate court to dismiss sham and frivolous appeals. (See *Estate of Wunderle*, 30 Cal.2d 274 [181 P.2d 874]; *Dalzell* v. *Kelly*, 115 Cal.App.2d 60, 61 [251 P.2d 343]; *Scarpel* v. *East Bay Street Rys.*, 42 Cal.App.2d 32, 33 [115 P.2d 862].) ". . . A court set up by the Constitution has within it the power of self-preservation, indeed, the power to remove all obstructions to its successful and convenient operation. This arises from the fact that it is part of and belongs to one of the three independent departments set up by the Constitution, article VI, section 1. This power is recognized, among other places, in sections 47 and 144 of the Code of Civil Procerdure. While the above statement is true, there is this qualification thereof, which has been recognized at all times in this state—the legislature may at all times aid the courts .and may even regulate their operation so long as their efficiency is not thereby impaired." (*Millholen* v. *Riley*, 211 Cal. 29, 33-34 [293 P. 69].) "It has long been recognized in this state that a court has inherent power to dismiss an action when it is shown to be sham, fictitious or without merit in order to prevent abuse of the judicial process. (*Neal* v. *Bank of America* (1949) 93 Cal.App.2d 678, 682 [209 P.2d 825]; *McKenna* v. *Elliott & Horne Co.* (1953) 118 Cal.App.2d 551, 555 [258 P.2d 528]; *Helvey* v. *Security-First Nat. Bank* (1950) 99 Cal.App.2d 149, 151 [221 P.2d 257].)" (*Lincoln* v. *Didak*, 162 Cal.App.2d 625, 629-630 [328 P.2d 498].)

[4]Actually *Shorts* was preceded by *People* v. *Smith*, 218 Cal. 484 [24 P.2d 166] where the court dismissed Smith's third appeal. *Smith*, too, was a death penalty case. *Smith*, however, unlike *Shorts*, did not analyze the jurisdictional problem involved.

Read literally, however, the passage says that if the appeal has no proper appellate objective it is sham and frivolous and therefore subject to dismissal. In other words, it is the total lack of merit, not the improper objective which makes it dismissable.

It appears that several courts of appeal have, tacitly perhaps, given *Shorts* the latter interpretation. In *People* v. *Malone,* 96 Cal.App.2d 270 [215 P.2d 109] the Court of Appeal for the Third District granted a motion to dismiss an appeal from an order denying a writ of error *coram nobis* on the ground that it was frivolous. This was followed by three decisions by the same court (*Edwards* v. *People,* 99 Cal.App. 2d 216 [221 P.2d 336]; *People* v. *Schuman,* 98 Cal.App.2d 140 [219 P.2d 36]; and *People* v. *Chapman,* 96 Cal.App.2d 668 [216 P.2d 112]) in which similar appeals were dismissed on the same ground. It is to be noted that the rationale of these dismissals was not the theory enunciated in a later series of cases that the very appealability of appeals from orders denying *coram nobis* depends on the substance of the facts alleged or proved in the trial court. (See *People* v. *Williams,* 238 Cal.App.2d 585, 587 [48 Cal.Rptr. 67] and cases cited therein.)

In any event, whatever may be the limitations on appealability with respect to appeals from orders after judgment (Pen. Code, § 1237, subd. 3), until 1965 appeals from judgments which followed a plea of guilty were freely appealable, even though not very much was reviewable. (*People* v. *Ward,* 66 Cal.2d 571, 575 [58 Cal.Rptr. 313, 426 P.2d 881]; *Stephens* v. *Toomey,* 51 Cal.2d 864 [338 P.2d 182].) Yet in *People* v. *Martin,* 230 Cal.App.2d 62 [40 Cal.Rptr. 700], division three of the First District followed its own precedent of *People* v. *Wallace,* 217 Cal.App.2d 440 [31 Cal.Rptr. 697] and dismissed an appeal following a plea of guilty as frivolous.

Although the Court of Appeal of the Fifth District refused to dismiss an appeal as frivolous in *People* v. *Rosalez,* 201 Cal.App.2d 643 [20 Cal.Rptr. 80], it expressly recognized the power to dismiss, pointing to *Shorts* and *People* v. *Mattson,* 51 Cal.2d 777, 796-797, footnote 8 [336 P.2d 937].[5]

---

[5] *Mattson,* it should be noted, was not a capital case. In footnote 8 of the opinion the court, speaking quite generally about frivolous appeals in criminal cases and citing *Shorts,* says that an appellate court "can dismiss, as irregular, sham, or frivolous, an appeal which has no proper appellate objective. ...." Again it seems apparent that it is the fact that the appeal is frivolous rather than its lack of a proper appellate objective, that makes it dismissable.

■ One of the reasons given in *Rosalez* for not exercising the power to dismiss the appeal is the one frequently voiced (see Witkin, Cal. Criminal Procedure (1963) § 722) that appeals should not be dismissed where, in ruling on a motion to dismiss, the record must be examined.[6] That rule, however, is no more than a rule which governs the exercise of discretion—a "rule of convenience," (*Hibernia Sav. & Loan Soc.* v. *Doran,* 161 Cal. 118, 120 [118 P. 526] ; *Shank* v. *Blackburn,* 61 Cal.App. 577, 580 [215 P. 559]) not a canon limiting power. This is demonstrated by cases holding that frivolous appeals may be dismissed if their nature appears on a "mere inspection" of the record (see cases collected in 3 Witkin, Cal. Procedure (1954) §§ 160, 164) and others which simply ignore the rule (*People* v. *Martin, supra,* and *People* v. *Wallace, supra*). The rule is certainly quite out of place in cases like the present one where, in order to pass on counsel's motion to be relieved, the court has already examined the entire record as directed by *Anders* and *Feggans.*[7]

■ We therefore conclude that California appellate courts do have the power to dismiss frivolous appeals in criminal cases. Needless to say, for the reasons given in *People* v. *Rosalez,*[8] *supra,* it is a power which should be most sparingly exercised.

---

[6]Apparently the first case to announce this rule in its modern form was *McFadden* v. *Dietz,* 115 Cal. 697, 699 [47 P. 777].

[7]There is a curious parallel between the evolution of the rule allowing dismissals of frivolous criminal appeals and the development of a similar —if not identical—rule in civil cases. On the civil side, in spite of very early indications to the contrary (*Buckley* v. *Stebbins,* 2 Cal. 149; *Pacheco* v. *Bemal,* 2 Cal. 150) it was said in *Ricketson* v. *Torres,* 23 Cal. 636, 645: "Appeals are not matters of grace but of right. No statute authorizes an appeal on motion to be dismissed because frivolous or sham, as in the case of a motion to strike out pleadings." Again in *Foscalina* v. *Doyle,* 48 Cal. 151, 152 the court said: "But even if we could look into the record to determine the merits of the appeal and should ascertain that it had been taken merely for purposes of vexation and delay, still we ought not to dismiss the appeal, *if well taken in point of procedure.*" (Italics added.) Shades of section 1248 of the Penal Code! The phrase "if well taken in point of procedure" was interpreted in *In re Blythe,* 108 Cal. 124, 128 [41 P. 33] as follows: ". . . in other words, if it appear that appellant is still in the exercise of an existing right." Further, the remark was characterized as *obiter.*

[8]In *Rosalez* the motion to dismiss was made after the record was filed in the Court of Appeal but before any brief was received from defendant. The last paragraph of the opinion reads as follows: "This court would doubtless have the power to act in the way the Attorney General suggests (*People* v. *Shorts,* 32 Cal.2d 502, 516 [197 P.2d 330] ; *People* v. *Mattson,* 51 Cal.2d 777, fn. 8 [336 P.2d 937]), but we believe that we should exercise judicial restraint in order that the defendant may have a chance to be heard through an opportunity to file a brief in the case. Accord-

Where, as here, eminently competent counsel (see *People* v. *Ross*, 67 Cal.2d 64 [60 Cal.Rptr. 254, 429 P.2d 606]; *People* v. *Charles*, 66 Cal.2d 330 [57 Cal.Rptr. 745, 425 P.2d 545]; *People* v. *Wadkins*, 63 Cal.2d 110 [45 Cal.Rptr. 173, 403 P.2d 429]; *People* v. *Jones*, 42 Cal.2d 219 [266 P.2d 38]; *People* v. *Southack*, 39 Cal.2d 578 [248 P.2d 12]) has failed to find an arguable issue, where the record is extremely short and where, before relieving counsel, we already found the appeal to be frivolous, it seems proper to exercise our discretion and rid the docket of the court of some deadwood.

We are not blind to the obvious: the borderline between a frivolous appeal and one which simply has no merit is vague indeed. In *Crook* v. *Crook*, 184 Cal.App.2d 745, 751 [7 Cal. Rptr. 892] the court made this distinction: "An appeal is 'frivolous' where the lack of merit is apparent from a mere glance at the record." This test seems to make the determination depend on the legal acumen of the judge who does the glancing. Yet the concept that some appeals are frivolous for the sole reason that they simply have no merit whatever is one that is firmly embedded in our law.[9] The difficulty of drawing the line simply points up an essential corollary to the power to dismiss frivolous appeals: that in all but the clearest of cases it should not be used.

■ We turn to the petition below, the denial of which is the subject matter of this appeal.

The petition contains just two statements which, if true and properly alleged, might conceivably entitle defendant to some relief somewhere. They are as follows: 1. "That your petitioner is being held on a charge that was dismissed by this court which is 207 of the Penal Code which the Adult Authority has charge [sic] him with the crime and found him guilty at the parole board on May 11, 1966."[10] If by this allegation defendant is trying to say that the Adult Authority considers him as having been convicted of kidnapping, rather than a violation of section 288a of the Penal Code, that would be a matter for habeas corpus rather than *coram nobis*. (*In re*

ingly, the motion to dismiss is denied, *without prejudice.*" (*Ibid.*, pp. 645-646. Italics added.) In the case at bar we have, of course, long passed the stage of the appellate process at which the motion was denied in *Rosalez*.

[9]In *United States* v. *Johnson*, 327 U.S. 106 [90 L.Ed. 562, 66 S.Ct. 464] the Supreme Court held that an appeal from an order denying a new trial—which the Circuit Court had reversed—"was so devoid of merit that it should have been dismissed" as frivolous.

[10]The date of the judgment is February 16, 1966.

*Henry,* 65 Cal.2d 330 [54 Cal.Rptr. 633, 420 P.2d 97].) Defendant is confined in San Luis Obispo County and the Los Angeles Superior Court obviously did not have any jurisdiction to act. (Former Cal. Const., art. VI, § 5.)

2. "Petitioner's confession was obtained by the means of duress and illegal proceeding by the District Attorney's office by making problem of promies [*sic*] by which is false to obtained a confession." This allegation was quite inadequate to have allowed the superior court to act. First, the facts which constitute the alleged duress and "illegal proceeding" are not alleged with particularity. (*People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993]; *In re Swain,* 34 Cal.2d 300, 304 [209 P.2d 793]); second, the fact of an allegedly coerced confession obviously was known to defendant at the time he pleaded guilty (*People* v. *Shipman, supra,* p. 230; *People* v. *Williams,* 238 Cal.App.2d 585, 591-592 [48 Cal.Rptr. 67]); third, there is no allegation that the allegedly coerced confession caused defendant's plea of guilty (*In re Seiterle,* 61 Cal.2d 651, 657 [39 Cal.Rptr. 716, 394 P.2d 556]); and fourth, even if the matter were properly alleged, with particularity, it would be cognizable on a petition for a writ of habeas corpus, rather than in *coram nobis* proceedings (*In re Seiterle, supra; People* v. *Adamson,* 34 Cal.2d 320, 327 [210 P.2d 13]; *People* v. *Williams, supra,* pp. 593-595).

The appeal is frivolous and is dismissed.

Hufstedler, J., and Stephens, J., concurred.