[Crim. No. 11226. First Dist., Div. Three. Aug. 13, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
STYLIN CHRISTOPHER WOODARD, JR., Defendant and Appellant.

## COUNSEL

Daniel J. Taaffe, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Edward P. O'Brien, Assistant Attorneys General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—A jury found appellant and a codefendant guilty of burglary in the second degree. Both were sentenced to prison, and defendant Woodard appealed. We appointed counsel for him. That attorney filed a brief fully stating the facts of the case, with detailed citations to the transcript. He stated two issues which his client suggested be raised on appeal. Counsel did not argue adversely to his client. He concluded his brief by stating that he "is unable to locate any conceivably appealable issues to present on appellant's behalf." He asked permission to with-

draw as counsel, and so notified appellant. Thus counsel fully complied with the applicable California authority. (*People* v. *Feggans*, 67 Cal.2d 444, 447-448 [62 Cal.Rptr. 419, 432 P.2d 21]) interpreting the federal rule (*Anders* v. *California*, 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396]).

Upon our independent and detailed examination of the record, we relieved court-appointed counsel, denied appellant's request for appointment of successor counsel, and granted appellant 30 days to file any written argument he desired. More than three months have passed and no brief or letter has been filed.

■ We have again reviewed the entire record on appeal. The two contentions suggested by appellant to his former counsel are utterly without merit, and are in no sense arguable.

Nor does the record reveal any issue even worthy of mention. There was no search or seizure, the conduct of the prosecutor was above reproach, and no other of the myriad of possible contentions in criminal appeals is even remotely suggested. The evidence overwhelmingly supports the jury verdict. Independent eyewitnesses saw defendants carrying the victim's television set from the immediate neighborhood of her home.

We find no issue even remotely arguable. Accordingly, as suggested by *Feggans* (at p. 448) and as held in a 1968 case (*People* v. *Sumner*, 262 Cal.App.2d 409 [69 Cal.Rptr. 15]), we determine that the appeal is frivolous as that term is used in *Anders*.

The appeal is dismissed.

Brown (H. C.), J., and Caldecott, J., concurred.