Filed 5/18/22  U.S. National Bank Assn. v. Sepehry-Fard CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| U.S. NATIONAL BANK ASSOCIATION,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FAREED SEPEHRY-FARD,<br><br>    Defendant and Appellant. | H047028<br>(Santa Clara County<br> Super. Ct. No. 17CV314286) |

Defendant and appellant Fareed Sepehry-Fard seeks review of a trial court order denying his motion to recuse the law firm of Severson & Werson (Severson) as counsel for plaintiff and respondent U.S. National Bank Association (the Bank).  Finding no error, we affirm the order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

The Bank, as trustee for Greenpoint Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-AR2, commenced the underlying litigation by filing a complaint for unlawful detainer and damages against Sepehry-Fard in 2017, citing Code of Civil Procedure section 1161a.[2]  The Bank alleged that it purchased certain real property

---

[1] Pursuant to this court's April 2021 order limiting the issue on appeal to only the trial court's order denying Sepehry-Fard's motion to recuse Severson as counsel, our discussion will similarly be limited to facts and procedure related to that order.

[2] Relevant to this appeal, the statute provides, "[A] person who holds over and continues in possession of . . . real property after a three-day written notice to quit the property has been served upon the person . . . may be removed therefrom as prescribed in

located in Saratoga, California "at a trustee's sale held in accordance with Civil Code section 2924, under a power of sale contained in a deed of trust" that Sepehry-Fard signed in January 2007, such that it was entitled to possession of the property, which was occupied by Sepehry-Fard at the time it filed the complaint.[3] The Bank served a three-day notice to quit to Sepehry-Fard; the Bank then sought possession of the property and damages based on Sepehry-Fard's failure to comply with the notice to quit. Severson is listed as the Bank's attorney in the caption of the complaint. In signing the complaint, Severson stated it represented plaintiff Nationstar Mortgage LLC, a party not previously referenced in the complaint. A.J. Loll verified the complaint as "Attorney-In-Fact as Trustee of Nationstar Mortgage LLC."[4]

In September 2017, the Bank filed an ex parte request seeking permission to serve the complaint on Sepehry-Fard by posting pursuant to Code of Civil Procedure section 415.45, which the trial court granted. Shortly thereafter, Sepehry-Fard filed an answer to the verified complaint, admitting that he was in possession of the property, but denying that the Bank obtained valid title to the property based on alleged irregularities in the foreclosure process that lead to the trustee's sale. In his answer, Sepehry-Fard did not allege that the trial court did not have personal jurisdiction over him, or subject matter jurisdiction in the litigation.

---

this chapter: [¶] . . . [¶] (3) Where the property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by such person, or a person under whom such person claims, and the title under the sale has been duly perfected." (Code Civ. Proc., § 1161a, subd. (b)(3).)

[3] The Bank filed the complaint as a limited jurisdiction matter. Upon Sepehry-Fard's motion, the court reclassified the case from limited to unlimited jurisdiction in 2019.

[4] In a motion for summary judgment filed in 2017, the Bank indicated that Sepehry-Fard borrowed funds from Greenpoint Mortgage Funding, Inc., secured by a deed of trust on the Saratoga property. Greenpoint assigned the deed of trust to Nationstar in 2013; Nationstar thereafter assigned it to the Bank in January 2017.

In January 2019, Sepehry-Fard filed a motion to recuse Severson as the Bank's attorneys. Sepehry-Fard suggested he was seeking recusal based on the "alleged attorneys repeated concealment of evidence . . . and their clear and unambiguous 'willful Brady violation', *Brady v. Maryland* (1963) 373 U.S. 83 [(*Brady*)]"; in addition to citing *Brady*, Sepehry-Fard argued Severson had a duty to produce discoverable exculpatory evidence under Penal Code section 1054.1 et seq. He cited Business and Professions Code sections 6068, subdivision (a) ["It is the duty of an attorney to . . . support the Constitution and laws of the United States and of this state."] and 6106 ["The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension."], as well as former rule 5-220 of the California Rules of Professional Conduct, in support of his recusal request.[5]

Sepehry-Fard argued recusal was proper, and the complaint subject to dismissal for lack of jurisdiction, because Severson purposefully filed the complaint as a limited jurisdiction matter, rather than an unlimited jurisdiction matter, in order to "steal" the property and Sepehry-Fard's "significant" equity therein. He claimed an unlawful detainer proceeding was not the proper method by which the Bank could address its claims, as unlawful detainer proceedings were based in landlord-tenant law, and Sepehry-Fard was an owner of the property, not a tenant. Sepehry-Fard asked the court to refer Severson to the Office of Chief Trial Counsel of the State Bar for disbarment, alleging that the firm engaged in additional unlawful conduct. To the extent any of the facts were

---

[5] Former rule 5-220 precluded a member of the California state bar from suppressing any evidence that the member or the member's client had a legal obligation to produce. (See *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 13.) Current rule 3.4(b), adopted effective November 1, 2018, prior to Sepehry-Fard filing the recusal motion, provides, "A lawyer shall not . . . suppress any evidence that the lawyer or the lawyer's client has a legal obligation to reveal or to produce[.]"

in dispute, he asked the court to refer the matter to a grand jury. He did not address his standing to seek Severson's recusal, or the trial court's inherent authority to recuse Severson as the Bank's counsel.

The Bank opposed Sepehry-Fard's motion for recusal, contending Sepehry-Fard failed to cite any relevant law supporting the request.

The trial court heard argument on Sepehry-Fard's motion to recuse, along with several other motions, in February 2019.[6] It issued a written order on February 26, 2019, denying the motion for recusal on the grounds that it did "not set forth any cognizable legal basis for 'recusal' of Plaintiff's counsel." In addition, the court ruled on nine other motions filed by Sepehry-Fard, and two requests filed by the Bank.

On February 26, 2019, Sepehry-Fard filed a notice of appeal from a January 2019 order denying his request for an evidentiary hearing as to the Bank's standing in the action. On February 28, 2019, Sepehry-Fard amended his notice of appeal to seek review of the January 2019 order, and the February 26, 2019 order ruling on his many motions, including the motion to recuse Severson. He filed a second amended notice of appeal in June 2019, and a third amended notice in December 2019, seeking to add review of additional orders to the instant appeal. In an order issued in April 2021, this court dismissed the February 26, 2019, June 5, 2019, and December 27, 2019 notices of appeal as premature as the trial court had not yet entered a final judgment, and the orders Sepehry-Fard included in those notices were not independently appealable. As for the February 28, 2019 notice of appeal, seeking review of the orders issued on February 26, 2019, we ruled that only the order denying the motion to recuse Severson was appealable at that time, such that the appeal would proceed solely as to that order.

---

[6] In its written order, the trial court noted, "There was no court reporter present to transcribe the oral argument. [Fn. omitted.] For the parties' convenience and to facilitate appellate review, the Court provides a written order memorializing its rulings on these motions and requests."

4

## II. DISCUSSION

### A. *Preliminary Motions*

Prior to discussing the merits of Sepehry-Fard's appeal from the motion to recuse Severson, we address motions brought by the parties in the course of briefing.

#### 1. *Sepehry-Fard's Requests for Judicial Notice and Motions to Augment*

Prior to this appeal being fully briefed, Sepehry-Fard filed various requests for judicial notice and motions to augment the record on appeal which we deferred for consideration with the appeal. Since filing his reply brief, Sepehry-Fard has filed eight additional motions to augment the record on appeal, including two filed after this court ordered the cause submitted.

When we review the correctness of a trial court's order, we generally only consider matters that were part of the record at the time the trial court entered the order. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444 (*Vons*).) A party on appeal cannot use the augmentation process to present materials that were not before the trial court at the time of the order, including matters that occurred during the pendency of the appeal. (*Ibid.*; *In re K.M.* (2015) 242 Cal.App.4th 450, 456.) Nor do we normally take judicial notice of matters that were not before the trial court. (*Vons*, at p. 444.) The party seeking judicial notice must demonstrate the relevance of the materials to the dispositive issues in the appeal. (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4; *Roth v. Jelley* (2020) 45 Cal.App.5th 655, 678, fn. 10.)

Sepehry-Fard has not demonstrated that the materials with which he seeks to augment the record were before the trial court when it issued the order denying his motion to recuse Severson on February 26, 2019. Nor has Sepehry-Fard demonstrated that the subjects of his requests for judicial notice are relevant to the dispositive issue on appeal, namely the trial court's alleged error in denying his motion to recuse Severson. Sepehry-Fard's motions to augment the record (filed August 4, August 13, November

5

12[7], and December 30, 2021, and January 24, February 3, March 16, and April 21, 2022), and his requests for judicial notice (filed June 1 and July 30, 2021), are denied.

## 2. *The Bank's Motion for Summary Affirmance or Dismissal, and Related Cross-Motion*

After receiving Sepehry-Fard's opening brief, the Bank filed a motion for summary affirmance or for dismissal of the appeal as frivolous. Sepehry-Fard opposed the motion and filed a separate cross-motion to strike the Bank's motion. This court deferred ruling on both motions for consideration with this appeal.

Sepehry-Fard does not cite in his cross-motion any basis to strike the Bank's motion to dismiss outright. As he has not shown reason to strike the motion to dismiss, his cross-motion is denied. Nor has the Bank shown sufficient reason for this court to exercise its inherent power to dismiss appeals that are frivolous or taken solely for the purpose of delay. We exercise that power only in "the absolutely clearest cases[,]" where the frivolity is readily apparent and egregious. (*People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1318; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) It is not enough that an appeal is simply without merit. "[T]he borderline between a frivolous appeal and one which simply has no merit is vague indeed. . . . The difficulty of drawing the line simply points up an essential corollary to the power to dismiss frivolous appeals: that in all but the clearest cases it should not be used." (*People v. Sumner* (1968) 262 Cal.App.2d 409, 415.) Given the nature of the underlying action, it is not readily apparent that this appeal is patently frivolous or brought for improper motive. (See *Zimmerman v. Drexel Burnham Lambert Inc.* (1988) 205 Cal.App.3d 153, 160-161.) We deny the motion to dismiss.

---

[7] This court's March 1, 2022 order deferring ruling on several motions to augment erroneously indicated there were motions filed November 11 and November 12, 2021. The initial motion and an amendment thereto were filed November 12, 2021.

### B. Failure to Comply with California Rules of Court

Sepehry-Fard represents himself in this appeal, as he did at the trial court. As a party representing himself, Sepehry-Fard " 'is entitled to the same, but no greater, consideration than other litigants and attorneys.' [Citations.] Accordingly, we may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. [Fn. omitted.] We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation]. . . . [W]e will bear in mind that an ' "order of the lower court is presumed correct." ' [Citation.] Therefore, [the appellant] has the burden of affirmatively showing any error. [Citation.]" (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520, rehg. den. (June 18, 2019), review den. (Aug. 21, 2019) (*Tanguilig*).)

The Bank contends that this court need not address the substance of Sepehry-Fard's appeal, as his opening brief fails to comply with relevant California Rules of Court, such that he has forfeited any claim of error. In his 93-page appellant's opening brief, Sepehry-Fard provides limited citation to the 13 volume clerk's transcript he designated in this action. While his brief is not the model of clarity, Sepehry-Fard does include legal argument and citations. We will exercise our discretion to construe his brief liberally in an effort to determine the nature of Sepehry-Fard's complaints but decline to search the portions of record not cited by Sepehry-Fard in his appellant's opening brief to determine if they support his contentions on appeal. (See *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.) We will address any insufficiencies in Sepehry-Fard's legal arguments in the discussion of the substance of his appeal. With these precepts in mind, we turn to the merits of Sepehry-Fard's appeal.

### C. The Trial Court Did Not Err in Denying the Motion to Recuse Severson

At the time Sepehry-Fard filed this appeal, the underlying lawsuit had not yet gone to trial, and the trial court had not yet entered a final judgment. It is clear from the

pleadings Sepehry-Fard has filed both here and in the trial court that he believes the trial court has made numerous errors in handling this case. The only issue we consider in this opinion is whether or not the trial court erred in denying Sepehry-Fard's motion to recuse Severson as counsel for the Bank. In his motion, Sepehry-Fard included arguments regarding the propriety of the foreclosure and subsequent sale of his property, including whether or not he received proper notice of the trustee's sale and concerns about the Bank's standing to bring the underlying lawsuit. We will not address these issues in this opinion except to the extent they are relevant to Sepehry-Fard's contentions that Severson should have been recused from representing the Bank in that lawsuit or are otherwise appropriate for our review.

### 1.  *Standard of Review*

We generally review a trial court's decision on a recusal motion for abuse of discretion, accepting any factual findings that are supported by substantial evidence. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143.)  "However, the trial court's discretion is limited by the applicable legal principles. [Citation.] Thus, where there are no material disputed factual issues, the appellate court reviews the trial court's determination as a question of law. [Citation.]" (*Ibid.*)  In opposing Sepehry-Fard's recusal motion, Severson did not dispute the facts alleged therein; it argued that Sepehry-Fard did not cite any legal authority in support of his request. Thus, we will review the matter de novo, considering the trial court's determination as a question of law.

### 2.  *The trial court had jurisdiction over Sepehry-Fard and the subject matter of the lawsuit.*

Sepehry-Fard contends that the trial court did not acquire personal jurisdiction over him and did not have jurisdiction over the subject matter of the lawsuit. He does not cite legal authority supporting his apparent contention that an alleged lack of jurisdiction requires the trial court to recuse Severson, and has not demonstrated that the trial court

8

erred in denying the recusal motion on that basis. However, as an appellant may raise issues of fundamental jurisdiction—that is, jurisdiction over the parties and subject matter—for the first time on appeal, to the extent Sepehry-Fard generally contends the trial court did not have fundamental jurisdiction to hear the lawsuit, we will consider that issue. (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 807; *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.)

Sepehry-Fard claims the Bank did not have him properly served with process, such that the trial court did not acquire personal jurisdiction over him. A party who has made a general appearance in an action waives a challenge based on lack of personal jurisdiction. (*ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 210.) A party makes a general appearance when he participates in the action or otherwise recognizes the authority of the court to hear the matter. (*Ibid*.) Such an appearance cures any defects in service. (*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* (2004) 114 Cal.App.4th 1135, 1145.) "Filing an answer on the merits constitutes a general appearance. (Code Civ. Proc., § 1014; [citation].)" (*Ibid*.) Here, Sepehry-Fard filed an answer to the Bank's complaint in September 2017. He did not raise a defense based on lack of proper service or lack of personal jurisdiction over him. Nor does the record on appeal include any evidence that Sepehry-Fard filed a motion to quash service of the summons prior to answering, or that he otherwise challenged the trial court's jurisdiction over him before generally appearing in the matter.[8] The trial court had personal jurisdiction over Sepehry-Fard and did not err in denying the motion to recuse Severson on this basis.

" 'The principle of "subject matter jurisdiction" relates to the inherent authority of the court involved to deal with the case or matter before it.' [Citation.] Thus, in the absence of subject matter jurisdiction, a trial court has no power 'to hear or determine

---

[8] In January 2019, Sepehry-Fard filed a motion challenging both subject matter and personal jurisdiction, as well as a motion to dismiss the complaint or quash service of process. He filed these motions well after making a general appearance in the action.

[the] case.' [Citation.] And any judgment or order rendered by a court lacking subject matter jurisdiction is 'void on its face. . . .' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196.) Relying on the trial court's May 2018 order denying the Bank's motion for summary judgment, Sepehry-Fard bases his contention that the trial court did not have subject matter jurisdiction on claims that the unverified complaint filed by the Bank was incomplete and did not prove a claim under Code of Civil Procedure section 1161a, the statute cited in the complaint.[9] Sepehry-Fard does not cite any legal authority for his apparent contention that the alleged failure to properly state a cause of action deprived the trial court of subject matter jurisdiction. We are not aware of any such authority. Nor does Sepehry-Fard cite legal authority indicating that Severson's alleged knowledge that the complaint failed to properly state a cause of action justified granting the motion to recuse the firm as the Bank's counsel. As already noted, *ante*, we need not consider legal arguments that are not supported by citation to legal authority. (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.) The record on appeal shows that the trial court had jurisdiction over the subject matter of the lawsuit, as well as personal jurisdiction over Sepehry-Fard.

### 3. Sepehry-Fard did not have standing to seek recusal of Severson.

In order to seek disqualification of counsel, a party must have or have previously had an attorney-client relationship with the attorney, or some sort of other confidential or fiduciary relationship. (*In re Marriage of Murchison* (2016) 245 Cal.App.4th 847, 851 (*Murchison*); *Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1356-1357 (*Great Lakes*); accord *Moreci v. Scaffold Solutions, Inc.* (2021) 70 Cal.App.5th 425, 432.[10]) "[A] moving party must have standing, that is, an invasion of a

---

[9] See fn. 2, *ante*.

[10] The appellate court issued the opinion in *Moreci* after this case was fully briefed. As the portion of the opinion cited herein adopts the holdings in *Murchison* and *Great Lakes*, we did not seek supplemental briefing to address the *Moreci* opinion.

legally cognizable interest, to disqualify an attorney." (*Great Lakes*, at p. 1357.) A non-client moving party does not have standing to bring a disqualification motion for the sole purpose of "ensur[ing] the integrity of the process and the fair administration of justice[] [citation][,]" as those " 'lofty values' " do not implicate a "concrete and particularized" personal right of the non-client. (*Id*. at p. 1358.) "[I]mposing a standing requirement for attorney disqualification motions protects against the strategic exploitation of the rules of ethics and guards against improper use of disqualification as a litigation tactic. [Citations.]" (*Ibid*.)

Sepehry-Fard did not allege in his motion to recuse Severson that he has or previously had an attorney client relationship with the law firm. Nor did he allege another confidential or fiduciary relationship between himself and Severson. On appeal Sepehry-Fard does not address the substance of Severson's contention that he lacked standing to seek Severson's recusal from the case, aside from mentioning the argument in passing. Rather, in his reply brief, Sepehry-Fard cites to what he identifies as six "main issues" on appeal: his allegation that the Bank does not exist such that Severson cannot represent the Bank; his claim that Severson is "in contempt of well in excess of a dozen writs by failing to return the writs;" that Severson is in contempt of an order issued by the trial court in a prior lawsuit that has since been dismissed; that Severson knew that the Bank or its predecessors were sending Sepehry-Fard "inconsistent and unauthenticated amounts of alleged debt allegedly due;" that Severson at minimum knew that Sepehry-Fard did not receive proper notice regarding the date and time of the trustee's sale for the subject property; and, that Severson, despite its knowledge, continues to claim that there is nothing wrong with their conduct. Sepehry-Fard does not cite to any legal authority affording him standing to seek recusal of Severson based on any of these allegations. And the only issue we are considering on appeal is whether or not the trial court erred in denying the motion to recuse Severson. As we stated at the outset of this opinion, "[w]e may disregard legal arguments that are not supported by citations to legal authority

11

[citation] or are conclusory [citation]. . . . [W]e will bear in mind that an ' "order of the lower court is presumed correct." ' [Citation.] Therefore, [the appellant] has the burden of affirmatively showing any error. [Citation.]" (*Tanguilig*, *supra*, 36 Cal.App.5th at p. 520.) Sepehry-Fard has not met his burden to show that the trial court erred in denying the motion to recuse Severson.

## III. DISPOSITION

The February 26, 2019 order denying Sepehry-Fard's motion for recusal of Severson is affirmed.

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.


_____
Lie, J.


U.S. Bank National Association v. Sepehry-Fard
H047028