[No. G033116. Fourth Dist., Div. Three. Feb. 24, 2004.]

THE PEOPLE ex rel. BILL LOCKYER as Attorney General., Plaintiff and Respondent, v.
HARPREET BRAR, Defendant and Appellant.

COUNSEL

Harpreet Brar, in pro. per., for Defendant and Appellant.

Bill Lockyer, Attorney General, Herschel T. Elkins, Assistant Attorney General, Albert Norman Shelden and Howard Wayne, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**SILLS, P. J.**—In July 2003 the Attorney General filed a complaint against attorney Harpreet Brar to obtain an order to make him stop filing lawsuits under California's unfair competition law (Bus. & Prof. Code, § 17200). Allegedly, Brar has engaged in the sort of abuse of California's unfair

competition law which made the Trevor Law Group a household name in California in 2002 and 2003. The abuse is a kind of legal shakedown scheme: Attorneys form a front "watchdog" or "consumer" organization. They scour public records on the Internet for what are often ridiculously minor violations of some regulation or law by a small business, and sue that business in the name of the front organization. Since even frivolous lawsuits can have economic nuisance value, the attorneys then contact the business (often owned by immigrants for whom English is a second language), and point out that a quick settlement (usually around a few thousand dollars) would be in the business's long-term interest. For the Trevor Law Group, the usual targets were auto repair shops. Brar's main targets are nail salons.

California also has another law which is designed to put a quick end to lawsuits when they are based on the exercise of free speech and petition rights, generally known as the anti-SLAPP suit statute. (Code Civ. Proc., § 425.16.) SLAPP stands for "strategic lawsuit against public participation." The archetype is when a developer sues neighborhood activists for having spoken out against the developer's project in some public forum. The developer will often sue the activists for the torts of defamation or intentional interference with economic advantage. The anti-SLAPP law allows the activists to obtain quick relief by filing an "anti-SLAPP suit" motion under the statute. If it is determined that the suit really is one based on the exercise of free speech or petition rights, then the plaintiff, say our hypothetical developer, bears the burden of coming forward with some evidence showing it has a viable case. If not, the suit is quickly kicked out of court.

Ironically, Brar, the sue-er, decided to use the anti-SLAPP suit law to his own advantage to try to dismiss the Attorney's General lawsuit against him. It is established that the exercise of petition rights can include the filing of lawsuits. (See *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 77–78 [124 Cal.Rptr.2d 519, 52 P.3d 695].) So he filed an anti-SLAPP suit motion. It was, of course, denied. As we discuss below, a provision of the anti-SLAPP statute specifically exempts actions by the Attorney General from anti-SLAPP motions.

But the anti-SLAPP suit law has an interesting feature—the right to appeal even the *denial* of the motion. (Code Civ. Proc., § 425.16, subd. (j).) Typically, if you lose a motion in the trial court, you have to wait until the suit is over and there is a final judgment before you have the *right* to appeal.

The right to appeal has a certain logic to it. After all, what use is a mechanism to allow you to get out of a case *early* if it is undercut by an erroneous decision of the trial judge? The point of the anti-SLAPP statute is that you have a right *not* to be dragged through the courts because you exercised your constitutional rights. The right to appeal a denial of an

anti-SLAPP motion is important because it protects the interest validated by the anti-SLAPP statute.

But the right to appeal has its own consequences. As we write, at least one appellate court has drawn the correlative conclusion that an appeal from the denial of anti-SLAPP motion also *stays* proceedings in the trial court. (See *Mattel, Inc. v. Luce, Forward, Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1190 [121 Cal.Rptr.2d 794].) You don't just get the right to go to the appellate court, you also get a free time-out in the trial court.[1]

■ That brings us to the reason for this opinion, which is the Attorney General's motion to dismiss the appeal, as frivolous, now pending before us. California courts have the inherent power to *dismiss* frivolous appeals. (See *Ferguson v. Keays* (1971) 4 Cal.3d 649, 658 [94 Cal.Rptr. 398, 484 P.2d 70] ["we emphasize that the appellate courts possess the further inherent power to summarily dismiss any action or appeal which has as its object to delay, vex, or harass the opposing party or the court, or is based upon wholly sham or frivolous grounds"]; *Zimmerman v. Drexel Burnham* (1988) 205 Cal.App.3d 153, 161 [252 Cal.Rptr. 115] ["Appellate courts have an inherent power to summarily dismiss any appeal which is designed for delay or which is based on sham or frivolous grounds."].) Of course, it is a power that should not be used except in the absolutely clearest cases. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], quoting *People v. Sumner* (1968) 262 Cal.App.2d 409, 415 [69 Cal.Rptr. 15].)

The motion must be granted. This is about as patently frivolous an appeal taken for purposes of delay as is imaginable.

■ The anti-SLAPP statute *specifically exempts* actions brought by public prosecutors, including the Attorney General: "This section shall not apply to any enforcement action brought in the name of the People of the State of California by the Attorney General, district attorney, or city attorney, acting as a public prosecutor." (Code Civ. Proc., § 425.16, subd. (d).)

Against this plain statutory language, Brar posits only an ad hominem argument. (For a discussion of ad hominem arguments in legal and other rhetorical contexts, see *Huntington Beach City Council v. Superior Court* (2002) 94 Cal.App.4th 1417, 1430 [115 Cal.Rptr.2d 439] [e.g., "Jane, you ignorant etcetera . . . ."].) It goes like this: Brar is doing nothing more than the unfair competition law allows, but the unfair competition law, as written, has

---

[1] There is, as we write, one nonfinal decision which disagrees with *Mattel* on the point, *Varian Medical Systems, Inc. v. Delfino* (2003) 113 Cal.App.4th 273, 309–311, and footnote 16 [6 Cal.Rptr.3d 325], petition for review filed December 23, 2003 (S121400).* Depending on what the Supreme Court does, that case may, or may not, disappear from the Official Reports any day now. In any event, however, *Mattel* will remain at least competing authority for the short term.

---

*Reporter's Note: Review granted March 4, 2004.

become an embarrassment to what might be called in general terms "the plaintiff's bar." (Who are often referred to as "trial lawyers" when discussed on newspaper op-ed pages; one can log onto to many Internet discussions of California's unfair competition law and see that whether the law should be reformed is currently a hot topic indeed in the legal and business communities.) The Attorney General, according to Brar, is merely trying to curry the favor of the plaintiff's bar by taking this action against him, so as to defuse public (and particularly business) pressure to reform the unfair competition law. Brar thus argues that he is being made scapegoat for the Attorney General's ulterior political motives.

■ It is, like all ad hominem arguments, quite irrelevant. Neither the statute nor anything in the Constitution contains an implied exception for times when the public prosecutor acts with a political motive. Surely it is safe to say that public prosecutors sometimes act with political motives, and if the Legislature had wanted to insert a "political motive" exception to the public prosecutor exemption in the anti-SLAPP statute it most certainly could have done so. We may therefore readily conclude that Brar's one substantive argument is a loser, at a "mere glance." (Cf. *In re Marriage of Flaherty, supra*, 31 Cal.3d at p. 650, fn. 6.)

One of the reasons that the power to dismiss an appeal must be used with extreme rarity is that determination of whether an appeal is frivolous entails at least a peek at the merits—if not, as is usually the case, a thorough review of the record—and, having taken that look, the appellate court is in a position to affirm whatever was appealed rather than dismiss the appeal. As our Supreme Court said in *People v. Wende* (1979) 25 Cal.3d 436, 443 [158 Cal.Rptr. 839, 600 P.2d 1071], "[W]e deem it appropriate to affirm the judgment rather than to dismiss the appeal as frivolous. Once the record has been reviewed thoroughly, little appears to be gained by dismissing the appeal rather than deciding it on its merits."

In the case before us, though, much appears to be gained by dismissal rather than affirmance—specifically, prevention of the abuse of the anti-SLAPP statute to buy time from the day of reckoning in the trial court. Here, Brar's appeal practically has the words "brought for reasons of delay" virtually tattooed on its forehead. Consider that under a rule of automatic stay, as envisioned by the *Mattel* case, the incentive to appeal even the denial of a patently *frivolous* anti-SLAPP motion is overwhelming. As we have noted, the defendant gets a very cheap hiatus in the proceedings, and that hiatus becomes doubly important in a situation where, as here, a public prosecutor is seeking an injunction to prevent the defendant from *continuing* the ongoing abuse of the legal system. Review on the merits, after briefing (as distinct from review, as here, of the papers on a motion to dismiss) only rewards a frivolous appeal.

██ As we said, if this appeal is not frivolous at a glance, no appeal is. A statute directly on point, an ad hominem argument to try to avoid that statute's clear application, and ample circumstantial evidence of a motivation to delay proceedings in the trial court all demand immediate dismissal.

██ One more point: This court has the power to shorten the finality of this decision to "prevent . . . frustration of the relief granted." (Cal. Rules of Court, rule 24(b)(3).) Accordingly, to prevent further delay occasioned by Brar's appeal, this decision shall be final five days after its filing date. Our opinion is also without prejudice to the Attorney General to seek sanctions in the trial court against Brar for taking a frivolous appeal. It is to there that the case should now return.

Rylaarsdam, J., and Ikola, J., concurred.