Filed 9/30/13  Cunningham v. City and County of San Francisco CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ARCHIBALD CUNNINGHAM,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO et al.,<br><br>        Defendants and Respondents. | A138551<br><br>(City & County San Francisco Super. Ct. No. CGC-12-527273) |

Having been declared a vexatious litigant under Code of Civil Procedure sections 391 et seq.,[1] plaintiff Archibald Cunningham is subject to a prefiling order which requires that he secure permission from the presiding justice before filing an appeal in propria persona in this court. In an apparent attempt to circumvent a prior order by this court denying permission to file an appeal from a judgment of dismissal entered on April 5, 2012, plaintiff retained counsel to file a notice of appeal from the same judgment. When plaintiff submitted his opening brief in propria persona, however, defendants filed motions to dismiss or, alternatively, motions for an order requiring furnishing of security under various provisions of the vexatious litigant statutes.[2] We need not rely on the vexatious litigant statutes in dismissing this appeal, however, as our prior order finding

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] See sections 391.1, 391.3 and 391.7. Among other arguments, defendants assert that section 391.3, subdivision (b), which renders an action by a vexatious litigant initially brought by counsel subject to a bond requirement or dismissal when the attorney withdraws, applies to appellate as well as trial court proceedings.

that there is no reasonable possibility that the appeal has merit establishes that plaintiff's appeal is frivolous. Accordingly, we shall exercise our inherent authority to dismiss the appeal.

## Background

On December 19, 2012, plaintiff filed an 82-page complaint against defendants.[3] Defendants promptly moved for and obtained an order requiring plaintiff to furnish security in the amount of $750,000 under section 391.1. On April 5, 2013, after plaintiff failed to furnish the required security, judgment was entered dismissing the action.

On April 15, plaintiff, appearing in propria persona, filed a notice of appeal from the judgment of dismissal. On April 22, this court rejected his filing and notified plaintiff that as a vexatious litigant subject to a prefiling order he could not appeal without permission.

On April 23, plaintiff applied to this court for permission to appeal the April 5 judgment. This court denied the application, determining that plaintiff had "failed to show a reasonable possibility that his appeal has merit."

On April 29, plaintiff, now represented by counsel, filed a notice of appeal of the April 5 judgment. On August 9, 2013, plaintiff, again appearing in propria persona, filed his opening brief.[4] Thereafter, defendants filed motions to dismiss and alternatively, to require plaintiff to furnish security under various provisions of the vexatious litigant statutes.

---

[3] Defendants are the City and County of San Francisco; the Superior Court of California, County of San Francisco; Pat Kilkenny; T. Michael Yuen; Maria Schopp; Judge Patrick J. Mahoney; Judge Katherine Feinstein; Judge John K. Stewart; Judge Harold Kahn; and Mary Wang.

[4] Although no substitution of counsel has been filed, plaintiff's counsel, Patrick Missud, was "transferred to involuntary inactive status" by the State Bar of California effective July 4. Although Missud's bar number appears on the opening brief, the brief is signed only by plaintiff.

## Discussion

California courts have the inherent power to dismiss frivolous appeals. (See *Ferguson v. Keays* (1971) 4 Cal.3d 649, 658 ["we emphasize that the appellate courts possess the further inherent power to summarily dismiss any action or appeal which has as its object to delay, vex or harass the opposing party or the court, or is based upon wholly sham or frivolous grounds"]; *Zimmerman v. Drexel Burnham Lambert Inc.* (1988) 205 Cal.App.3d 153, 161 ["Appellate courts have an inherent power to summarily dismiss any appeal which is designed for delay or which is based on sham or frivolous grounds."].) While "it is a power that should not be used except in the absolutely clearest cases," this is such a case. (*People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1318.)

In finding that plaintiff failed to meet the section 391.7 prefiling requirements, this court has already determined that the appeal has no merit and has been filed for the purposes of harassment or delay. (§ 391.7, subd. (b).) The arguments made in the opening brief are essentially the same as those previously asserted in plaintiff's application for permission to file the appeal. Appellant's temporary retention of an attorney to prosecute the appeal does not alter our prior determination that the appeal lacks merit. Accordingly, we need not reach the parties' arguments concerning the proper interpretation of the vexatious litigant statute and instead, exercise our inherent authority to dismiss the appeal as frivolous. [5]

## Disposition

The appeal is dismissed.

---

[5] We note that the record strongly suggests that plaintiff temporarily retained counsel on appeal for the sole purpose of circumventing the prefiling requirement. Therefore, we do not preclude, upon proper application, hearing and consideration in the trial court, entry of an order similar to that issued in *In re Shieh* (1993) 17 Cal.App.4th 1154. In *Shieh,* the court subjected the plaintiff to a broader prefiling requirement that prohibited him from filing "any new litigation in the courts of this state, whether in propria persona or through an attorney, without first obtaining leave of the presiding judge of the court in which he proposes to file the litigation, as provided in . . . section 391.7, subdivision (b)." (*Id.* at pp. 1167-1168.)

_____
Pollak, J.

We concur:


_____
McGuiness, P. J.


_____
Siggins, J.