Filed 6/26/15  Slusher v. Dameron Hospital Assn. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| LINDA SLUSHER et al., | |
| Plaintiffs and Respondents, | C072875 |
| v. | (Super. Ct. No. 39201200278807CUMCSTK) |
| DAMERON HOSPITAL ASSOCIATION, | |
| Defendant and Appellant. | |

Plaintiffs Linda Slusher and Shawna Victoria filed a lawsuit against Dameron Hospital Association (the hospital) after the hospital treated them for injuries they sustained in a car accident.  The hospital collected its agreed-upon fees from plaintiffs' health insurer, but when plaintiffs reached a settlement with an alleged third-party tortfeasor, the hospital also asserted a lien against the settlement.  The third-party's insurer honored the lien and paid a portion of the settlement proceeds to the hospital. Plaintiffs seek to maintain a class action on behalf of themselves and similarly-situated patients, alleging that the hospital's lien practice deprives plaintiffs of a full recovery and allows the hospital to recover more than the fees agreed upon with insurers.  Plaintiffs

1

seek injunctive relief and restitution, alleging that the hospital's scheme violates California's Unfair Competition Law by flouting the statutory billing restrictions described in *Parnell v. Adventist Health System/West* (2005) 35 Cal.4th 595 (*Parnell*).

The hospital filed a special motion to strike the complaint pursuant to Code of Civil Procedure section 425.16, arguing that the complaint is a Strategic Litigation Against Public Participation (SLAPP) action because the hospital's challenged acts arise from the hospital's right of free speech and right to petition for redress of grievances. The trial court denied the motion.

The hospital appeals the denial of its special motion to strike. The hospital contends it is entitled to anti-SLAPP protection because plaintiffs' lawsuit challenges the hospital's communication of its lien right in the context of litigation, and such communication is an act in furtherance of free speech in connection with a public issue. The hospital also contends the trial court erred in denying the special motion to strike because plaintiffs did not prove they are likely to prevail on the merits.

We conclude the trial court did not err in denying the special motion to strike. The hospital did not meet its threshold burden to establish that its non-litigation business efforts to collect additional fees from third parties constituted protected speech on a public issue. Case law holds to the contrary. Because the hospital did not make its threshold showing, we do not address whether plaintiffs are likely to prevail on the merits.

We will affirm the trial court's order.

BACKGROUND

Plaintiffs were insured by Kaiser Permanente (Kaiser), a health insurer with whom the hospital had contracted to provide emergency services for a prescribed fee. On November 13, 2010, Slusher was driving a car that was rear-ended by another car. After the collision, an ambulance transported Slusher's passenger, Victoria, to the hospital and Slusher followed. The hospital treated both plaintiffs. The hospital accepted

2

$957 from Kaiser for each plaintiff as full payment for the emergency treatment provided. But the hospital later asserted liens claiming $3,057.23 for Slusher's care and $2,969.93 for Victoria's care. When plaintiffs resolved their litigation against the driver who caused their injuries, the driver's insurance carrier withheld the amount claimed by the hospital minus the amount already paid by Kaiser. In Slusher's case, the insurance carrier withheld $2,100.23 from the settlement sum and issued a check for that amount payable jointly to Slusher and the hospital. Victoria's settlement sum was similarly divided.

The purpose of the Hospital Lien Act (HLA), Civil Code section 3045.1, is "to secure part of the patient's recovery from liable third persons to pay his or her hospital bill, while ensuring that the patient retain[s] sufficient funds to address other losses resulting from the tortious injury." (*Mercy Hospital & Medical Center v. Farmers Ins. Group of Companies* (1997) 15 Cal.4th 213, 217.) In furtherance of that purpose, the HLA allows a hospital, after treating an accident victim, to recover its customary fees directly from a third party tortfeasor (or that party's insurer) by demanding that the noticed tortfeasor (or the insurer) pay the hospital before distributing awards or settlements to the patient. (*County of San Bernardino v. Calderon* (2007) 148 Cal.App.4th 1103, 1109.) The hospital may not claim more than one-half of the patient's net disbursement, however, and it must give proper and timely notice of its lien. (*Ibid.*) If a hospital's lien notice complies with the HLA, a person or insurance carrier who pays a judgment or settlement sum to the hospital's patient without first paying the hospital's lien remains liable to the hospital for the lien amount. (Civ. Code, § 3045.4.) The hospital may enforce its lien in an action directly against a party who paid the patient. (Civ. Code, § 3045.5.)

However, the amount a hospital is entitled to receive under the HLA "necessarily turns on any agreement it has with the injured person or the injured person's insurer." (*Nishihama v. City and County of San Francisco* (2001) 93 Cal.App.4th 298, 308.)

3

The lien rights under the HLA generally do not extend beyond the amount the hospital agreed to accept as payment in full from the patient's health insurer, even if that amount is less than the hospital's normal or customary rates. (*Id*. at p. 307.)

In *Parnell, supra,* 35 Cal.4th 595, the California Supreme Court applied the HLA in the context of a hospital recovering from a tortfeasor the difference between its customary charges and the lesser amount it contracted to accept as full payment from a patient's health insurer. The Supreme Court held that an HLA lien is necessarily based on a debt owed by a patient and "absent an underlying debt, the hospital may not recover on the lien even assuming that the recovery comes from the tortfeasor." (*Id*. at p. 607-608.) The Supreme Court added: "If hospitals wish to preserve their right to recover the difference between usual and customary charges and the negotiated rate through a lien under the HLA, they are free to contract for this right." (*Id*. at p. 611.)

In this case, the hospital agreed with health insurance carriers to accept prescribed fees for providing emergency services to insured patients. When a patient claimed the treated injuries were caused by someone else, the hospital routinely filed a lien against the alleged tortfeasor for the hospital's higher "customary fees." If the hospital collected on the lien, it reimbursed the health insurer and kept the balance.

Because this appeal is limited to the denial of the anti-SLAPP motion, we do not resolve the underlying issues in this case. It is sufficient to explain that plaintiffs sued the hospital for restitution and injunctive relief on behalf of themselves and unnamed others, alleging that the hospital's lien practices are prohibited by *Parnell.* According to the complaint, the hospital construes its contract with Kaiser to preserve its right to recover the difference in fees, but plaintiffs disagree with that interpretation. The hospital argues that a 2008 superior court decision conclusively established that its HLA lien practices were "lawful in every respect" when it found that the hospital's contracts with eleven different insurers anticipated the filing of HLA liens. The trial court denied the hospital's

request for judicial notice of the 2008 decision, and the hospital has not renewed the request for judicial notice on appeal.

The hospital filed a special motion to strike the complaint. In support of the motion, the hospital submitted, among other things, a declaration stating that before the lawsuit was filed, the hospital withdrew its liens relating to plaintiffs based on the prohibitive cost of collection.[1]

The trial court denied the hospital's special motion to strike, ruling that the hospital's liens were illegal under *Parnell* and thus could not be protected activity. The trial court cited *Flatley v. Mauro* (2006) 39 Cal.4th 299, which involved a claim of criminal extortion. In that case the California Supreme Court held that where uncontroverted evidence conclusively establishes that the petition or speech described in the complaint was illegal as a matter of law, the activity is not protected by constitutional guarantees and the anti-SLAPP statute cannot be invoked. (*Id*. at p. 320.)

STANDARD OF REVIEW

California's anti-SLAPP Law was enacted "to encourage continued participation in matters of public significance" and to keep such participation from being "chilled through abuse of the judicial process." (Code Civ. Proc., § 425.16, subd. (a).) "The point of the anti-SLAPP statute is that you have a right not to be dragged through the courts because you exercised your constitutional rights." (*People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1317, italics omitted.) The anti-SLAPP statute protects (a) acts in furtherance of the right to petition a government body and (b) the right to speak freely in connection with a public issue. (Civ. Proc., § 425.16, subd. (b).) Denial of an anti-

---

[1] The hospital claims plaintiffs' case is moot because the hospital released its liens. Plaintiffs respond that the case is not moot because they lost the use of their settlement funds for at least a period of time. The hospital has not established that the case is moot.

SLAPP motion is immediately appealable. (Code Civ. Proc., §§ 425.16, subd. (i), 904.1, subd. (a)(13).)

Review of an anti-SLAPP motion "requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 67.) We independently review both steps on appeal. (*South Sutter, LLC. v. LJ Sutter Partners, L.P*. (2011) 193 Cal.App.4th 634, 657.)

DISCUSSION

I

The hospital contends this lawsuit challenges the hospital's communication of its lien right in the context of litigation, and such communication is an act in furtherance of free speech in connection with a public issue.

Here, however, the hospital's lien notices were issued to facilitate business collections, not to engage in speech on a public issue. (See *Garretson v. Post* (2007) 156 Cal.App.4th 1508, 1522-1523 [notice of foreclosure not protected speech because principal purpose was enforcing a business transaction].) And the hospital was not a party to litigation when it sent the lien notices. Although the plaintiffs and the third parties were involved in litigation, not every litigation-related activity is subject to an anti-SLAPP motion. The challenged action must have occurred in connection with an issue actually under consideration or review in an official proceeding. (*Paul v. Friedman* (2002) 95 Cal.App.4th 853, 866.) Moreover, even if a defendant's challenged conduct

6

took place in the context of litigation does not prove it was in furtherance of a constitutional right. (*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1272-1275.) The fact that there is constitutionally protected activity "in the background" does not transform a dispute into a SLAPP suit. (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 477-478.)

The hospital cites two cases for the proposition that giving notice of liens is protected activity, but neither case stands for that proposition. (See *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Association* (2006) 136 Cal.App.4th 464 (*Premier Medical*); *A.F. Brown Elec.Contractor, Inc. v. Rhino Elec. Supply, Inc.* (2006) 137 Cal.App.4th 1118 (*A.F. Brown*).) In *Premier Medical*, workers compensation insurers asked the Workers Compensation Appeals Board (WCAB) to determine whether a medical management company was improperly representing physicians in workers compensation proceedings. (*Premier Medical, supra,* 136 Cal.App.4th at p. 468.) The medical management company then sued the insurers for acting to delay payment. (*Id*. at pp. 468, 476.) The trial court denied the insurer's anti-SLAPP motion, but the Court of Appeal reversed, holding that the insurers' conduct in petitioning the WCAB was protected activity that formed the basis for plaintiffs' lawsuit. (*Ibid*.) Those facts are clearly distinguishable from the facts in this case.

In *A.F. Brown*, a supplier asserted claims against a contractor for alleged amounts due, including filing a negative credit report. (*A.F. Brown, supra,* 137 Cal.App.4th at p. 1123.) The contractor sued the supplier for libel, slander and unfair business practices. (*Ibid*.) The trial court denied the supplier's anti-SLAPP motion and the Court of Appeal affirmed, ruling that the supplier's communications were not protected because they were not made in contemplation of litigation or as part of an official proceeding. (*Id*. at pp. 1123, 1125-1130.) *A.F. Brown* does not assist the hospital.

Another case cited by the hospital, *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, is also unavailing. It confirms that even "mundane"

7

speech can be protected when petitioning the government, but the decision does not transform a non-litigant's collateral collection effort into constitutionally protected speech. (See *id*. at pp. 1116-1123.)

The hospital argues that sending lien notices is protected speech on a public issue because "[t]he on-going operation and financial stability of hospitals is a quintessential public issue." But the lawsuit here does not challenge what the hospital said in a public forum about the financial condition of hospitals or even the political or social challenges involved in funding emergency medical care. The gravamen of the complaint is whether the hospital's lien efforts violate *Parnell*.

The hospital did not meet its threshold burden to establish that it engaged in protected speech on a public issue.

II

The hospital further contends the trial court erred in denying the special motion to strike because plaintiffs did not prove they are likely to prevail on the merits. We do not reach this second step in the anti-SLAPP analysis, however, because the hospital did not meet its threshold burden. (See *Equilon Enterprises v. Consumer Cause, Inc. supra,* 29 Cal.4th at p. 58 [two-step analysis].)

DISPOSITION

The order denying the hospital's special motion to strike is affirmed.

      MAURO      , J.

We concur:


    NICHOLSON    , Acting P. J.


    MURRAY    , J.

8