Filed 8/23/22  PAAMCO Prisma v. Board of Trustees of the Kentucky Retirement etc. CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PAAMCO PRISMA, LLC,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BOARD OF TRUSTEES OF THE KENTUCKY RETIREMENT SYSTEMS, et al.<br><br>    Defendants and Appellants. | G060539<br><br>(Super. Ct. No. 30-2019-01062341)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Randall J. Sherman, Judge.  Affirmed.  Motion to dismiss.  Denied.  Requests for judicial notice.  Denied.

Umberg Zipser, Phillip R. Kaplan, Hon. Halim Dhanidina (Ret.) and Brent S. Colasurdo for Defendants and Appellants.

Simpson Thacher & Bartlett, Chet A. Kronenberg and Sara Ricciardi for Plaintiff and Respondent.

\*        \*        \*

Defendants Board of Trustees of the Kentucky Retirement Systems, Kentucky Retirement Systems, Kentucky Retirement Systems Pension Fund, and Kentucky Retirement Systems Insurance Fund (collectively, "KRS") appeal from the trial court's denial of their anti-SLAPP motion for untimeliness. KRS contends its motion was timely filed because it followed within 60 days of plaintiff PAAMCO Prisma, LLC's ("PAAMCO") filing of its first amended complaint. Anti-SLAPP motions, however, may only be brought against amended complaints if the anti-SLAPP motion could not have been brought against the initial complaint. In addition, the trial court may exercise its discretion to permit a tardy anti-SLAPP motion. We conclude KRS could indeed have brought its anti-SLAPP motion against the original complaint, which renders their motion against the amended complaint untimely. Accordingly, we affirm the trial court's denial of KRS's anti-SLAPP motion.

## FACTS AND PROCEDURAL HISTORY

KRS is the retirement system (including its various separate funds and board of trustees) for the State of Kentucky's employees. In 2011, KRS entered a set of contracts with PAAMCO (a California-based investment company) whereby PAAMCO would manage an investment fund for KRS, with an initial $400 million investment. PAAMCO was one of three firms chosen by KRS to handle investments of this kind.

For reasons that are disputed,[1] by late 2017, KRS's pension plans were substantially underfunded, to the tune of billions of dollars. In an attempt to remedy the situation, a group of current and former Kentucky employees (the "employees") sued KRS, its officers and former officers, PAAMCO and the two other investment firms, and

---

[1] PAAMCO cites "underfunding and enormous investment losses arising from the burst of the dot-com bubble in 2001 and 2002 and the financial crisis of 2008 and 2009," while KRS appears to contend PAAMCO and the other two investment firms are primarily responsible. Resolution of this question is well beyond the scope of this appeal.

various other advisors, actuaries, and others.[2] While the employees' factual allegations were complex and detailed, the upshot of their claim was simple: KRS, along with its officers and advisors, had mismanaged the pension funds, and had been defrauded by the three investment firms, including PAAMCO. The employees sought to recover from the defendants, jointly and severally, a sum sufficient to restore Kentucky's retirement system to solvency, which the employees estimated could be as high as $50 billion.

In response the Kentucky litigation, PAAMCO and its codefendants moved to dismiss the case, arguing the employees lacked standing to sue. KRS, however, adopted a different approach. It filed a notice in the Kentucky litigation, taking the position that the employees' claims were meritorious and that they did, in fact, have standing to sue. It also reserved its right, as the derivative plaintiff against the investment firms, to step in and pursue the employees' claims against the investment firms on its own behalf.

PAAMCO, in turn, commenced the present action in California against KRS. PAAMCO argued KRS's position in the Kentucky litigation contradicted various contractual representations it had made to PAAMCO regarding KRS's degree of financial sophistication, investment goals, lack of reliance upon representations by PAAMCO, etc. PAAMCO contended this constituted a breach of contract and sought damages from KRS for expenses in defending against the Kentucky litigation and a declaratory judgment stating that KRS's support of the Kentucky litigation breached its contract with PAAMCO. PAAMCO also pointed out that its contracts with KRS allowed PAAMCO to sue KRS in California.

---

[2] For ease of reference, we refer to this lawsuit as the "Kentucky litigation."

3

KRS demurred to PAAMCO's complaint, and in the alternative, sought a stay of the California action to allow the standing question to be litigated in Kentucky. The trial court elected to stay the action, declining to rule on KRS's demurrer. KRS did not bring an anti-SLAPP motion in response to the initial complaint.

The Kentucky Supreme Court ultimately decided the standing question in PAAMCO's favor. However, before the Kentucky Supreme Court's decision became final, the Kentucky Attorney General intervened on behalf of KRS and took over the employees' claims, effectively reviving the Kentucky litigation.[3] The trial court in this case then lifted its stay. The parties stipulated that PAAMCO could file an amended complaint, which PAAMCO did.

KRS responded to the amended complaint with both a demurrer and an anti-SLAPP motion. In its anti-SLAPP motion, KRS contended its "filing and prosecution of the claims" in the Kentucky litigation constituted protected activity, triggering the anti-SLAPP statute. KRS also argued its motion was timely because PAAMCO's amended complaint added a declaratory relief claim and because PAAMCO's recent allegations regarding KRS's new direct participation in the Kentucky litigation once again triggered the anti-SLAPP statute.

The trial court rejected these arguments and denied KRS's motion as untimely.[4] The trial court concluded PAAMCO's declaratory relief cause of action sought the same relief on the same theory as its original breach of contract cause of action and that there was no meaningful difference between the theories of liability expressed in PAAMCO's complaint and amended complaint. The trial court also declined to exercise its discretion to hear KRS's motion despite its untimeliness. KRS timely appealed.

---

[3] The Kentucky Attorney General also filed a separate action containing essentially the same claims.

[4] At the same time, the trial court overruled KRS's demurrer.

4

While the appeal was pending, PAAMCO moved to dismiss the appeal, arguing the appeal is frivolous and solely intended to delay proceedings in California. In support of its motion, PAAMCO cited a declaratory relief lawsuit filed by KRS against PAAMCO in Kentucky on the same or similar issues as those raised by PAAMCO in this litigation.[5] This new lawsuit was filed while KRS's anti-SLAPP motion was pending. We granted this appeal calendar preference and deferred ruling on the motion.

## DISCUSSION

KRS argues its anti-SLAPP motion was timely we should exercise our discretion to decide the motion in KRS's favor in the first instance. We reach only the first question of timeliness and affirm the trial court's ruling on that basis. We deny as moot PAAMCO's motion to dismiss the appeal.

1. *Preliminary Issues*

To reach the question of timeliness, however, we must first dispense with two preliminary issues: appealability and the standard of review. PAAMCO argues the trial court's order is not appealable because Code of Civil Procedure section 425.16, subdivision (i) only authorizes appeals taken from orders "granting or denying a special motion to strike," not from refusals to hear such motions based on untimeliness.[6] PAAMCO cites *Hewlett-Packard Co. v. Oracle Corp.* (2015) 239 Cal.App.4th 1174 (*Hewlett-Packard*) in support of its argument, but we conclude this case supports a

_____

[5] KRS requests we take judicial notice of the decision of the Kentucky court on these declaratory relief claims, and of a decision of a Delaware court on similar issues (relating to KRS's claim of sovereign immunity) between KRS and Prisma Capital Partners, LP, an affiliate of PAAMCO. We deny these requests, as these decisions are irrelevant to the timeliness of KRS's anti-SLAPP motion, which is the only issue we reach in this decision.

[6] All statutory references are to the Code of Civil Procedure.

5

contrary conclusion. In *Hewlett-Packard*, the defendant filed a late anti-SLAPP motion, which the trial court heard and denied as untimely. (*Id*. at p. 1183.) The Court of Appeal reluctantly concluded this order was appealable and noted authority suggesting that trial courts could instead render an unappealable order by *striking* untimely anti-SLAPP motions without hearing them. (*Id.* at p. 1187.)

We need not decide whether the trial court could or should have adopted the *Hewlett-Packard* court's alternative procedure, or whether an order resulting from such a procedure would, in fact, be appealable. The trial court in this case did precisely what the trial court in *Hewlett-Packard* did; hear the motion and deny it as untimely. An order of this type is appealable.

Next, the parties disagree about the standard of review to be applied. KRS contends the de novo standard of review applies to the question of timeliness of an anti-SLAPP motion, while PAAMCO argues the abuse of discretion standard applies. Crucially, KRS challenges only the trial court's determination that its motion was not filed within the 60-day deadline, not the trial court's refusal to exercise its discretion to consider a late-filed motion. On that narrow question, the de novo standard of review applies. (*Starview Property, LLC v. Lee* (2019) 41 Cal.App.5th 203, 208.)

2. *KRS's Motion is Untimely*

Section 425.16, subdivision (f) "permit[s] an anti-SLAPP motion against an amended complaint if it could not have been brought earlier, but . . . prohibit[s] belated motions that could have been brought earlier (subject to the trial court's discretion to permit a late motion)." (*Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 645.) Thus, "'[a]n amended complaint reopens the time to file an anti-SLAPP motion without court permission only if the amended complaint pleads new causes of action that could not have been the target of a prior anti-

6

SLAPP motion or adds new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion.'" (*Id.* at p. 641.)

This rule presents us with two related questions. First, could KRS have brought an anti-SLAPP motion against the original complaint? Second, do any of the changes incorporated in PAAMCO's amended complaint create "'new causes of action that could not have been the target of a prior anti-SLAPP motion, or add[] new allegations that make previously pleaded causes of action subject to an anti-SLAPP motion'"? (*Newport Harbor Ventures v. Morris Cerullo World Evangelism*, *supra*, 4 Cal.5th at p. 641.)

Section 425.16 permits anti-SLAPP motions against a complaint containing a cause of action arising from "any act . . . in furtherance of the [defendant's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue . . . ." (*Id.*, subd. (b)(1).) Such acts include "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law," and "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." (*Id.*, subd. (e).)

The original complaint's single cause of action for breach of contract alleges KRS breached its contract with PAAMCO and exposed itself to liability by "actively supporting the [Kentucky litigation], which is premised on a set of alleged facts diametrically opposed to the facts represented by KRS in the [contracts with PAAMCO]." Elsewhere in the complaint, PAAMCO makes it clear that this active support refers, at least in part, to KRS's filing of a notice in the Kentucky litigation itself. These allegations indisputably triggered section 425.16, as the underlying statements by KRS were both made before an official judicial proceeding and in connection with an issue under consideration by the Kentucky court. We therefore answer the first question

7

in the affirmative: KRS certainly could have filed an anti-SLAPP motion against the original complaint.

KRS does not appear to dispute this conclusion, and instead focuses its arguments on the second question. Specifically, KRS contends PAAMCO's amended complaint "added new claims for damages" by referring to KRS's now-direct participation in the Kentucky litigation. We are not persuaded.

The Kentucky litigation, at least as against PAAMCO, has always had the same claims and the same real parties in interest, even when the nominal plaintiffs were the employees. The theory of liability in the Kentucky litigation against PAAMCO is that PAAMCO breached its duties *to KRS*, not to the employees. The employees' claims against PAAMCO were derivative in nature, which is why the Kentucky Supreme Court concluded the employees lacked standing, and why the Kentucky Attorney General intervened to take over the litigation on KRS's behalf. KRS does not suggest, nor does the record reflect, that the factual allegations underpinning the claims in the Kentucky litigation changed when KRS became an active participant.

Accordingly, PAAMCO's new allegations detailing KRS's participation in the Kentucky litigation do not reflect new claims arising from significant newly alleged violations of PAAMCO's rights, but instead only minor procedural details of the Kentucky litigation that further evidenced KRS's alleged *existing* breaches of contract. This absence of new claims in the amended complaint is fatal to KRS's argument. As the trial court concluded, KRS's time to bring an anti-SLAPP motion ran from the original complaint and was not restarted by PAAMCO's filing of its amended complaint.

### 3. *PAAMCO's Motion to Dismiss*

Our conclusion that the trial court's order should be affirmed moots PAAMCO's motion to dismiss the appeal, as the motion did not include a request for sanctions. However, we are troubled by the appearance that KRS's appeal was brought

for the purpose of delay, as PAAMCO argues in its motion. The question presented by KRS's appeal is straightforward and easily resolved, such that most reasonable attorneys would conclude KRS had little or no chance of prevailing. And yet, KRS pursued it anyway.

As we have written before, given the automatic stay associated with anti-SLAPP motions and appeals therefrom, "the incentive to appeal even the denial of a patently *frivolous* anti-SLAPP motion is overwhelming." (*People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1319.) This is doubly true in this case, where the resulting delay may have afforded KRS the opportunity to have these questions heard in a potentially more favorable forum; at home in Kentucky. And the timing of the filing of KRS's new declaratory relief action in Kentucky, along with KRS's request that the Kentucky court consider it on an expedited basis, suggests this impermissible purpose may have influenced KRS's decision to appeal.

In view of the absence of a request for sanctions by PAAMCO and the general principles that sanctions for frivolous appeals "should be used most sparingly to deter only the most egregious conduct" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 651), and that "[c]ounsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal," we decline to consider sanctions on our own motion. (*Id.* at p. 650.) Nevertheless, we include this discussion to caution counsel; appeals for the purpose of delay are sanctionable misconduct.

## DISPOSITION

The order is affirmed.   PAAMCO shall recover its costs on appeal.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


GOETHALS, J.