Filed 11/14/24  Estate of Noordhof CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| Estate of MARY K. NOORDHOF, Deceased. | B331078 |
| NICOLAS K. NOORDHOF, | (Los Angeles County Super. Ct. No. 20STPB10811) |
| Petitioner and Respondent, | |
| v. | |
| JAMES J. ARMSTRONG, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel Juarez, Judge.  Affirmed and Remanded.

Armstrong & Armstrong and James J. Armstrong, pro. per., for Appellant.

The Alvarez Firm, Justin M. Alvarez and David A. Shaneyfelt for Petitioner and Respondent.

## INTRODUCTION

This appeal exemplifies misuse of the anti-SLAPP statute[1] resulting in unnecessary cost and delay. The case stems from a bitter family dispute over the probate of the estate of Mary K. Noordhof (decedent). The decedent's son, respondent Nicolas K. Noordhof (Noordhof), was named special administrator of the estate. Acting as the estate's special administrator, Noordhof filed a petition against the decedent's brother, appellant James J. Armstrong (Armstrong), asserting allegations of conversion, misappropriation, and breach of fiduciary duty in Armstrong's handling of the decedent's assets. In response, Armstrong filed an anti-SLAPP motion to strike Noordhof's entire petition. The trial court denied the motion, finding Armstrong failed to establish that any of Noordhof's claims arose from protected activity. The anti-SLAPP statute was not intended for this type of case. We affirm and, in doing so, award attorney's fees and impose monetary sanctions for this frivolous appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

I.      *Noordhof's Petition*

On January 17, 2023, Noordhof, in his capacity as special administrator of his mother's estate, filed a petition under Probate Code section 850 against Armstrong.[2] The petition alleged five causes of action: (1) return of estate assets (Prob. Code, § 850), (2) accounting (Prob. Code, § 4541), (3) breach of fiduciary duty, (4) conversion (Civ. Code, §§ 1712, 3336), and (5) imposition of constructive trust (Civ. Code, §§ 2223, 2224).

---

[1]      Code of Civil Procedure section 425.16. All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2]      Armstrong's motion to augment the record on appeal is granted.

2

The petition alleged Armstrong had engaged in wrongdoing before the decedent's passing. According to the petition, Armstrong pressured decedent to designate Armstrong as both her attorney at law and her agent under a durable power of attorney. Armstrong also took control of decedent's finances in 2019 and used that position to pay himself hundreds of thousands of dollars that he refused to account for. Armstrong convinced decedent to sell real property under false pretenses and for far below market value, then pocketed the proceeds of the sale. Armstrong also took possession of approximately $1 million of decedent's personal property and refused to return it to decedent or to Noordhof as the estate's special administrator. Armstrong refused to renew tenant leases at one of decedent's rental properties in direct contravention of decedent's instructions. Armstrong also ignored multiple requests to provide "a complete accounting of the hundreds of thousands of dollars in transactions that he conducted" as decedent's agent or attorney.

All of the causes of action asserted in the petition were based on these same operative facts.

## II.  *Armstrong's Anti-SLAPP Motion to Strike*

On March 24, 2023, Armstrong filed an anti-SLAPP motion to strike the petition in its entirety under section 425.16. In his motion, Armstrong stated that the causes of action alleged in the petition "all arise from acts and activities in furtherance of the constitutional rights of petition and free speech" in connection with his legal representation of decedent. Armstrong's motion neither elaborated on this claim nor cited to any authority in support of the assertion. Instead, Armstrong's motion focused almost exclusively on attacking the underlying merits of the petition.

3

Noordhof opposed the motion, arguing Armstrong had failed to carry his burden of establishing that any of the claims in the petition arose from protected activity. Noordhof argued the claims all arose from allegations that Armstrong defrauded decedent out of hundreds of thousands of dollars and did not implicate or arise from any protected activity. Noordhof also argued Armstrong's motion was frivolous and requested the court award him attorney's fees and costs in opposing Armstrong's motion pursuant to section 425.16, subdivision (c)(1).

In his reply, Armstrong simply stated, without elaboration, that all of Noordhof's causes of action arose from Armstrong's "constitutional rights of free speech or petition." This assertion was again not supported by a showing that protected activity formed the basis of any of Noordhof's claims.

The trial court denied Armstrong's motion on April 19, 2023, finding that "the gravamen of [Noordhof]'s claim is that [Armstrong] engaged in non-petitioning activity inconsistent with the fiduciary obligations owed to the decedent." The court, citing *Chodos v. Cole* (2012) 210 Cal.App.4th 692 (*Chodos*), held that these alleged breaches were distinct from any petitioning activity and did not "depend on the exercise of a constitutional right." The court concluded that "Armstrong has failed to demonstrate the petition arises from protected activity." The trial court also denied Noordhof's request for attorney's fees, finding Armstrong's motion "was not frivolous or solely intended to cause unnecessary delay."

Armstrong timely appealed the denial of his anti-SLAPP motion to strike.

III.    *Motion to Dismiss Armstrong's Appeal*

On December 1, 2023, Noordhof filed a motion in this court to dismiss Armstrong's appeal as frivolous. In his motion, Noordhof argues Armstrong's appeal has "no objective chance for success" because Armstrong cannot articulate how the claims in the petition arise from protected activity. In addition to dismissal, Noordhof's motion seeks monetary sanctions of $4,240 in attorney's fees and costs Noordhof incurred in bringing the motion. On December 18, 2023, Armstrong filed an opposition attacking the motion on several procedural grounds without addressing the merits. On December 27, 2023, we issued an order deferring our ruling on Noordhof's motion until the appeal was fully briefed and assigned to a panel. On September 10, 2024, we gave the parties written notice that we were considering imposing monetary sanctions against Armstrong and provided him the opportunity to serve and file a written opposition. (Cal. Rules of Court, rule 8.276(c), (d).) The parties were given the opportunity to address sanctions at oral argument. (Cal. Rules of Court, rule 8.276(e).)

## DISCUSSION

I.    *Anti-SLAPP Procedure*

The "anti-SLAPP statute is designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 883–884 (*Wilson*).) A "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has

5

established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) The anti-SLAPP statute itself provides that its protections "shall be construed broadly." (§ 425.16, subd. (a).)

In evaluating an anti-SLAPP motion to strike, courts conduct a two-step analysis. First, the court decides whether a defendant has met its "burden of establishing that the challenged allegations or claims 'aris[e] from' protected activity in which the defendant has engaged." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*).) Second, if a defendant meets its burden on the threshold showing, the court decides if the plaintiff "has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

## II. *Prong One: Arising from Protected Activity*

"At the first step of the analysis, the defendant must make two related showings. Comparing its statements and conduct against the statute, it must demonstrate activity qualifying for protection. (See § 425.16, subd. (e).) And comparing that protected activity against the complaint, it must also demonstrate that the activity supplies one or more elements of a plaintiff's claims." (*Wilson, supra,* 7 Cal.5th at p. 887.) "At this stage, the question is only whether a defendant has made out a prima facie case that activity underlying a plaintiff's claims is statutorily protected." (*Id.* at p. 888.)

"A claim arises from protected activity when that activity underlies or forms the basis for the claim." (*Park, supra,* 2 Cal.5th at p. 1062.) "The defendant's first-step burden is to identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute. A 'claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading

6

to some different act for which liability is asserted.'" (*Wilson, supra,* 7 Cal.5th at p. 884; accord, *Park,* at p. 1060.) "'[T]he mere fact that an action [or claim] was filed after protected activity took place does not mean the action [or claim] arose from that activity for the purposes of the anti-SLAPP statute.'" (*Park*, at p. 1063; *Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 621.) "To determine whether a claim arises from protected activity, courts must 'consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability.'" (*Wilson*, at p. 884; accord, *Park*, at p. 1063.)

"As courts applying the anti-SLAPP statute have recognized, the 'arising from' requirement is not always easily met. [Citations.] The only means specified in section 425.16 by which a moving defendant can satisfy the requirement is to demonstrate that the defendant's conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e)." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 66.) As defined by statute, these four categories of protected activity are: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e)(1)–(4).)

7

We review the trial court's order denying the anti-SLAPP motion de novo, applying the same two-step analysis. (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) We independently review whether a moving party has made a threshold showing that the challenged cause of action arises from protected activity. (*Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 988.)

III.    *Armstrong Has Not Carried His Burden on Prong One*

It was Armstrong's burden to identify the activity each challenged claim rests on and demonstrate that activity is protected by the anti-SLAPP statute. Armstrong did not carry this burden below or on appeal. Armstrong did not examine the claims and identify the specific activity those claims rest on. Nor has he attempted to show that protected conduct supplies an element of any of Noordhof's causes of action. Armstrong states—without citation to the record or to any legal authority—that he carried his burden under prong one because the claims against him are based on actions he took in the course of his legal representation of decedent. While never stated directly, Armstrong seems to argue that all actions taken by an attorney must necessarily be protected activity under the anti-SLAPP statute.

Litigation-related activity may be protected under the first two clauses of section 425.16, subdivision (e). The clauses apply to "(1) any written or oral statement or writing made before a . . . judicial proceeding, or . . . (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." (§ 425.16, subd. (e); *Clarity Co. Consulting, LLC v. Gabriel* (2022) 77 Cal.App.5th 454, 463–464 (*Clarity*).) However, Armstrong has not shown that either of these clauses applies here. Armstrong does not explain how this claimed petitioning activity forms the

8

basis of any of the causes of action asserted in the petition.  Nor does he specifically identify any judicial proceeding in which this alleged conduct occurred.

Armstrong attempts to cast the allegations of the petition as "absolutely privileged pre-litigation communications."  We disagree.  As set forth above, the petition alleges that Armstrong abused his position as decedent's legal counsel.  Specifically, that he took possession of her personal property, paid himself hundreds of thousands of dollars, and convinced decedent to sell real property under false pretenses for his own benefit.  Armstrong made no showing below, or on appeal, that any of the allegedly injury-producing acts were done "in contemplation or anticipation of future litigation."  (*Clarity*, *supra*, 77 Cal.App.5th at p. 464.)  He also has not shown that there was a "claim or dispute to be litigated or settled" at the time the alleged wrongdoing occurred.  (*Ibid*.)

Armstrong does not attempt to address the substance of the trial court's ruling.  While Armstrong acknowledges the trial court relied on the *Chodos* case, he makes no effort to rebut or distinguish that case.[3]  In *Chodos*, the court determined that a claim against an attorney did not arise from petitioning activity because "The principal basis of [the] claim concerns conduct constituting a breach of *professional duty*, not statements or filings made in connection with litigation."  (*Chodos*, *supra*, 210 Cal.App.4th at p.

---

[3]     Armstrong also misrepresents the trial court's ruling.  Armstrong asserts the trial court "made a finding that all of the claims by Respondent and the activities alleged of the Appellant were basically 'illegal as a matter of law.'"  This assertion has no support in the record.  While Armstrong has placed the words "illegal as a matter of law" in quotation marks, he does not provide a citation indicating what material he is quoting.  This language neither appears in the court's minute order nor in the reporter's transcript from the hearing.

704.) Armstrong does not argue that the trial court erred in relying on *Chodos*.

*Chodos* is in accord with a long line of cases holding that allegations of attorney misconduct fall beyond the protections of the anti-SLAPP statute where the alleged wrongdoing itself was not petitioning activity. (See, e.g., *Clarity*, *supra*, 77 Cal.App.5th at pp. 464–465 [action against attorney for intentional misrepresentation and concealment fall beyond the anti-SLAPP statute where alleged statements were not made during or in anticipation of litigation]; *Gaynor v. Bulen* (2018) 19 Cal.App.5th 864, 880 [claim for breach of fiduciary duty against attorney did not arise from protected activity because even though "the alleged breach of loyalty may have been carried out by the filing of probate petitions, it was not the petitioning activity itself that is the basis for the breach of fiduciary claim"]; *Benasra v. Mitchell, Silberberg & Knupp LLP* (2004) 123 Cal.App.4th 1179 [anti-SLAPP statute does not apply to a client's action against a law firm for breach of loyalty]; accord *Freeman v. Schack* (2007) 154 Cal.App.4th 719; *Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566; *PrediWave Corp. v. Simpson Thacher & Bartlett LLP* (2009) 179 Cal.App.4th 1204; *Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1274; *Jespersen v. Zubiate-Beauchamp* (2003) 114 Cal.App.4th 624, 631–632 (*Jespersen*).)

Armstrong does not address this well-developed area of law, nor does he cite any contrary authority on appeal. Armstrong's conclusory and unsupported assertion that the petition arises from protected activity is insufficient to carry his burden under the first prong of the anti-SLAPP analysis. (*Jespersen*, *supra*, 114 Cal.App.4th at p. 630 [a defendant's burden under prong one "is not met simply by showing that the *label* of the lawsuit appears to involve the rights of free speech or petition; he or she must

10

demonstrate that the *substance* of the plaintiff's cause of action was an act in furtherance of the right of petition or free speech"]; *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 ["[m]ere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"].)

As Armstrong has made no attempt to carry his burden under prong one of the anti-SLAPP statute, we affirm the trial court's denial of his special motion to strike.

## IV. *Armstrong's Appeal is Frivolous*

### A. *Legal Standards*

An appellate court may sanction appellants who take frivolous appeals. (§ 907 ["When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just"].) In this context, an appeal is considered to be frivolous ""when any reasonable attorney would agree that the appeal is totally and completely without merit."" (*In re Marriage of Schnabel* (1994) 30 Cal.App.4th 747, 754.) "We look to the merits of the appeal from a reasonable person's perspective. The inquiry is not whether counsel acted in the honest belief it had grounds for appeal, but rather would any reasonable person agree that the appeal is completely devoid of merit, and thus frivolous." (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834 (*Malek*).) "An appeal may be objectively frivolous if there is already a legal authority 'addressing the precise issue . . . raised' [citation], or when appellant's arguments rest on negligible legal foundation [citation]." (*Id.* at pp. 834–835.) "An appeal is totally devoid of merit where there are 'no

11

unique issues, no facts that are not amenable to easy analysis in terms of existing law, and no reasoned argument by [appellant] for an extension of existing law.' [Citation.]" (*Id.* at p. 835.)

B.     *Armstrong's Appeal is Frivolous and Warrants Sanctions*

Armstrong's appeal is frivolous. As outlined above, Armstrong made no attempt to carry his burden under prong one of the anti-SLAPP analysis. In denying Armstrong's motion, the trial court specifically directed Armstrong to case law demonstrating he could not satisfy the first prong of the anti-SLAPP statute. On appeal, Armstrong simply ignores the precedent cited by the trial court, as well as the long line of cases reaching the same conclusion in analogous circumstances. Armstrong's appeal does not attempt to establish error by the trial court or to provide any legal authority supporting his position. Armstrong's appeal does not raise any unique issues or difficult facts and is directly contradicted by established precedent. (*Malek, supra,* 58 Cal.App.5th at pp. 834–835.) "[I]f this appeal is not frivolous at a glance, no appeal is." (*People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1320.)

"'Courts, with increasing frequency, have imposed additional sanctions, payable to the clerk of the court, to compensate the state for the cost to the taxpayers of processing a frivolous appeal. [Citation.] The cost of processing an appeal that results in an opinion has been estimated to be approximately $8,500.' [Citations.] We find that additional sanctions in the amount of $8,500.00 are appropriate." (*Workman v. Colichman* (2019) 33 Cal.App.5th 1039, 1064–1065, fn. omitted (*Workman*); accord *Clarity, supra,* 77 Cal.App.5th at p. 467.) We therefore sanction Armstrong in the amount of $8,500, payable to the clerk of this court. "This opinion constitutes a written

12

statement of our reasons for imposing sanctions." (*Workman*, *supra*, 33 Cal.App.5th at p. 1065.)

C.      *Noordhof's Motion to Dismiss and Request for Sanctions*

Noordhof filed his motion to dismiss Armstrong's appeal as frivolous before the record on appeal or Armstrong's opening brief had been filed.  We deferred ruling on Noordhof's motion until the appeal was fully briefed to determine whether Armstrong's appeal was frivolous.  While we agree that Armstrong's appeal is frivolous, our affirmance of the trial court's order moots Noordhof's request to dismiss the appeal.

"Under section 425.16, subdivision (c), 'Appellate challenges concerning the [special] motion to strike are also subject to an award of fees and costs, which are determined by the trial court after the appeal is resolved.'" (*L.A. Taxi Cooperative, Inc. v. The Independent Taxi Owners Assn. of Los Angeles* (2015) 239 Cal.App.4th 918, 933.)  We determine that such an award is appropriate here given the frivolous nature of Armstrong's appeal.  On remand, Noordhof "may recover reasonable fees for this appeal." (*Ibid.*; accord *Nirschl v. Schiller* (2023) 91 Cal.App.5th 386, 409.)  In his motion to dismiss, Noordhof seeks monetary sanctions to recover the attorney's fees and costs he incurred only in bringing the motion to dismiss.  Because we are awarding Noordhof his attorney's fees and costs for the entire appeal, his request to recover the fees incurred in bringing his motion to dismiss is moot.

Accordingly, Noordhof's motion to dismiss and request for monetary sanctions is denied as moot.

13

## DISPOSITION

The order denying Armstrong's anti-SLAPP motion to strike is affirmed.  For taking a frivolous appeal, sanctions are imposed upon Armstrong in the amount of $8,500 to be paid to the clerk of this court no later than 30 days after the date the remittitur is issued.  Upon issuance of the remittitur, the clerk of this court is ordered to forward a copy of this opinion to the State Bar.  (Bus. & Prof. Code, §§ 6086.7, subd. (a)(3), 6068, subd. (o)(3).)  Noordhof is awarded his costs and reasonable attorney's fees on appeal as determined by the trial court on remand.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


SIGGINS, J.*

---

*Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.